R. E. CHILDS V. STATE OF NEBRASKA.

[FILED MARCH 16, 1892.]

Criminal Law: REASONABLE DOUBT. In a prosecution for grand
    larceny the court instructed the jury: "On the question of rea-
    sonable doubt the court instructs the jury that the term 'rea-
    sonable doubt,' as used in these instructions, means a doubt
    which has some good reason for it arising out of the evidence in
    the case; such a doubt as you are able to find a reason in the
    evidence for," etc. *Held*, Erroneous, and cause for reversal of
    the judgment.

ERROR to the district court for Gage county. Tried
below before APPELGET, J.

*A. Hardy*, for plaintiff in error, cited, as to the instruc-
tions: *Cowan v. State*, 22 Neb., 519; *Commonwealth v. Web-
ster*, 5 Cush. [Mass.], 295.

*George H. Hastings, Attorney General, contra*, cited, on
the same point: *Lincoln v. Smith*, 28 Neb., 762; *Murphy
v. State*, 15 Id., 383; *Gray v. Farmer*, 19 Id., 69; *St. Louis
v. State*, 8 Id., 405; *Parish v. State*, 14 Id., 60; *Campbell
v. Holland*, 22 Id., 587; *R. R. Co. v. Finlayson*, 16 Id.,
578.

MAXWELL, CH. J.

The plaintiff in error was tried in the district court of
Gage county upon an information charging him and one
George Weisen with unlawfully and feloniously stealing
and carrying away eighteen sacks of the value of $3.60,
and forty-one bushels of flaxseed of the value of $40.80.
He was found guilty by the jury and sentenced to impris-
ment in the penitentiary for one year and six months.
The court instructed the jury as follows:

"On the question of reasonable doubt the court instructs

the jury that the term 'reasonable doubt,' as used in these instructions, means a doubt which has some good reason for it arising out of the evidence in the case; such a doubt as you are able to find in the evidence a reason for; it means such a doubt as would cause a prudent man to hesitate before accepting as true, and acting upon any matters alleged or charged in the graver and more important affairs of life. As applied to evidence in criminal cases it means an actual and substantial doubt growing out of the unsatisfactory nature of the evidence in the case. It does not mean doubt which arises from some mere whim or vagary, or from a mere groundless surmise or guess; and while the law requires you to be satisfied from the evidence of the defendant's guilt, beyond a reasonable doubt, it, at the same time, charges you not to go outside of the evidence to hunt up doubts upon which to acquit the defendant."

In *Cowan v. State*, 22 Neb., 520, an instruction like that under consideration was held erroneous. This decision was reaffirmed in *Carr v. State*, 23 Neb., 749, and is the law of this state. The instruction was clearly erroneous. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.