## STATE v. GRANT.

The unexplained fact of a saloon being open on Sunday, in violation of Rev. Pol. Code, § 2847, requiring all saloons to be closed on Sunday, is sufficient to justify a conviction of the keeper thereof.

On a prosecution of the keeper of a saloon for keeping it open on Sunday, it is no defense that the saloon was opened by the keeper's bartender without authority and contrary to the keeper's instructions.

Since Rev. Pol. Code, § 2847, requiring "all saloons * * * and all other places * * * where" liquors are sold to be closed on Sunday, ooes not refer alone to legally licensed saloons, the allegation in an information for a violation of the statute that the place was a licensed saloon, is surplusage, and the keeper may be convicted, though his liquor license is void.

An instruction that the reasonable doubt which entitles a defendant to an acquittal is a doubt of guilt reasonably arising from all the evidence is not misleading because it declares that the doubt must be such a doubt as the juror is able to give a reason for.

(Opinion filed, Oct. 24, 1905.)

Error to Circuit Court, Roberts County. Hon. J. H. McCoy, Judge.

Charles H. Grant was convicted of failing to keep his saloon closed on Sunday, and he brings error. Affirmed.

*E. M. Bennett* and *J. J. Batterton,* for plaintiff in error. *Philo Hall, Atty. Gen., Frank McNulty, State's Atty. (Aubrey Lawrence, of counsel),* for the State.

HANEY, J. The defendant was charged with having been a legally licensed saloon keeper and as such having failed to keep his saloon closed on the first day of the week, commonly called Sunday. He was found guilty as charged in the information, his motion for a new trial was denied, he was fined $300, and brought the conviction here for review by writ of error.

The evidence discloses that the accused was operating a licensed saloon in the city of Sisseton; that he was absent from Sisseton on the day the offense is alleged to have been committed; that one Adler went to the back door of the saloon on the day alleged with a pail, which he handed to some one inside of the door, together with some money, and received the pail with some beer in it, which he carried to the back room of a meat market where he was working; and that other persons were seen to go under the stairway at the rear of the saloon, where Adler went when he received the beer, on the day alleged. By whom the door was opened, or by whom the beer was delivered, does not appear. The law under which the accused was convitcted contains these provisions: "All saloons, restaurants, bars in hotels or elsewhere, and all other places except drug stores, where any of the liquors mentioned in this article are sold

or kept for sale, either at wholesale or retail, shall be closed on the first day of the week commonly called Sunday." Rev. Pol. Code, § 2847. "Any person who shall violate any of the provisions of the two preceding sections shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished as now provided by law for the punishment of misdemeanors." Id. § 2848.

The contention that the conviction cannot be sustained for want of evidence is untenable. There was abundant evidence to justify the conclusion that the saloon was not kept closed on the Sunday in question. If such was the fact, in absence of evidence to the contrary, it gave rise to but one reasonable inference, namely, that the saloon was opened by some one having authority. In other words, the unexplained fact of the saloon being open excluded every reasonable hypothesis inconsitent with the theory of defendant's guilt, and fully satisfied the rule regarding the decree of proof in criminal actions.

The accused having testified that he was absent from Sisseton during the alleged Sunday, his direct examination proceeded as follows: "Q. You may state whether or not you were in your saloon or place of business in this city on that day. A. No sir; I was not. (Objected to as immaterial. Objection sustained. Plaintiff moved to strike out answer. Motion granted. Defendant excepted.) Q. You may state whether or not you have any knowledge of the saloon being open on that day. (Plaintiff objects to the question as immaterial. Objection sustained. Defendant excepts.) Q. You may state whether or not you gave your bartenders or employes who worked about that saloon any instructions about keeping the saloon open or closed during Sunday. (Plaintiff objects to the question as immaterial. Objection sustained. Defendant excepted.) Q. You may state whether or not the saloon ever was open on Sunday—that Sunday was open—with your knowledge or consent. (Plaintiff objects on the ground that it is immaterial. Objection sustained. Defendant excepts.) Q. You may state whether or not you know of any of your employes having the saloon open on Sunday at any time. (Plaintiff makes the same objection. Objection sustained. Defendant excepts.)" In Michigan, where the law re-

lating to Sunday closing is substantially the same as here, the courts have frequently held that the statute imposes upon a keeper of a bar or saloon the affirmative duty to see that it is closed during certain hours and on holidays, that the neglect of this duty ·is an offense, and that it is no defense in this class of cases to show that the place was opened by an agent, servant, or employe without authority or contrary to instruction. People v. Lundell (Mich.) 99 N. W. 12; People v. Possing (Mich.) 100 N. W. 396. These views seem to be sound and sensible. The mere failure to perform a legal duty may constitute a crime. Whether circumstances might exist which would exonerate a saloon keeper whose place of business was open without his knowledge or consent need not be determined at this time. It will be observed that the excluded testimony in this case merely tended to excuse the performance of defendant's duty by showing that his employes were not authorized to open the place on Sundays. The questions upon which the court was called to rule conveyed an implied admission that the person who delivered the beer to Adler was an employe of the accused. There was no offer to show that some stranger had unlawfully and without authority broken into the building, no effort to show that the opening of the saloon was an act which could not have been prevented by the accused. So, without attempting a general definition of the negligence constituting this offense, applicable to all conditions which might possibly arise, we conclude that the court below did not err in sustaining the objections to defendants testimony as stated in the foregoing portions of the record in this case.

Defendant offered to show that the question of granting permits to sell intoxicating liquors had not been voted upon at the annual municipal election in Sisseton next preceding the issuing of the license under which the accused was operating his saloon. The rejection of this offer is assigned as error. It was held in State v. Barber, 19 S. D. 19, 101 N. W. 1078, that the officers of municipal corporations have no authority to issue such permits without a vote of the electors at the next preceding annual election. Therefore the license issued to the accused was authorized. But does it follow for that reason that he could not be punished for failing to keep his

saloon closed on Sundays? We think not. The statute does not in express terms or by implication refer alone to legally licensed saloons. It requires "all places except drug stores" where intoxicating liquors are sold or kept for sale to be closed on Sundays. The allegation that the place in this instance was a legally licensed saloon was clearly immaterial and may be treated as surplusage.

Concerning reasonable doubt, the court charged the jury as follows: "The term 'reasonable doubt' is pretty well understood, but not easily defined. It is not the mere possibility of a doubt, not an imaginary doubt, not a doubt of the absolute certainty of the guilt of the defendant, because everything relating to human affairs and depending upon moral evidence is open to some conjectural or imaginary doubt, and because absolute certainty is not required by the law. It is not such a doubt as one might conjure or hatch up in order to acquit a friend, without any reason therefor; but it must be a substantial doubt, and one which would ordinarily impress the judgment of a prudent man in the graver and more important affairs of life. The reasonable doubt which entitles defendant in a criminal case to an acquittal is a doubt of guilt, reasonably arising from all the evidence in the case, *and it must be such a doubt as the juror is able to give a reason for.* A reasonable doubt is that state of a case which, after the entire comparison and consideration of all the evidence, leaves the mind of the juror in that condition that he cannot say and feel an abiding conviction to a moral certainty of the guilt of the defendant as charged in the information." The italicized clause is claimed to be misleading, prejudicial and erroneous. Substantially the same phrase has been sustained in a number of cases; in others it has been regarded as erroneous; while in others, it has been disapproved, though not held to be reversible error. 23 Am. & Eng. Ency. Law (2d Ed.) 960. Such having been the condition of the case law on the subject, this court was at liberty to adopt the view deemed most consonant with sound reason, when it held that such an instruction, qualified substantially as it was in the case at bar, did not justify a reversal. State v. Serenson, 7 S. D. 277, 64 N. W. 130. Further research and reflection having served to strengthen confidence in the conclusion then anounced, we are constrained to hold that the charge in this case, taken as a whole, should be sustained.

The judgment of the circuit court is affirmed.