STATE, RESPONDENT, *v.* TROSPER, APPELLANT.

(No. 2,858.)

(Submitted June 23, 1910. Decided June 30, 1910.)

[109 Pac. 858.]

*Criminal Law—Grand Larceny—Livestock—Possession of Stolen Property — Instructions — Reasonable Doubt — Identity of Property—Evidence—Sufficiency.*

Criminal Law—Instructions—Abstract Propositions of Law.
    1. District courts, in charging juries, should not submit to them abstract propositions of law without an effort to make such propositions directly applicable to the facts of the particular case before them for trial.

Same—Larceny—Possession of Stolen Property—Correct Instruction.
    2. An instruction that evidence of recent possession of stolen property is not in itself sufficient to justify conviction of the crime of larceny correctly stated the law.

Same—Jurors—Judges of What.
    3. Jurors are the judges of the credibility of witnesses and of the weight to be given to their testimony; the effect to be given to evidence found to be true must be determined as a question of law.

Same—Grand Larceny—Possession of Stolen Property—Explanatory Evidence—Effect—Erroneous Instruction.
    4. In a prosecution for grand larceny the court instructed the jury that "if the defendant offers evidence in explanation of his recent

possession of the property in question, it is for the jury to say under all the evidence whether or not such explanatory evidence is reasonable, satisfactory, probable, or true, and whether or not it be sufficient to raise a reasonable doubt of the defendant's guilt." *Held,* that the instruction was erroneous in that (a) under it the jury were authorized, after finding the explanation to be true, to proceed to determine whether such true explanation raised a reasonable doubt of his guilt, whereas, if found true, the only course open to the jury was to return a verdict of not guilty; and (b) if the explanation raised a reasonable doubt in their minds, it was immaterial whether it was reasonable, probable, satisfactory or true; in that event he was also entitled to an acquittal.

Same—Grand Larceny—Livestock—Identity—Evidence—Sufficiency.

5. On the question of the identity of a heifer charged to have been stolen by defendant, evidence which showed that the animal was branded with the prosecuting witness' brand; that it was of the same breed and general description as the latter's cattle; that the alleged owner had not sold any livestock of the character of the one in question for ten years prior to the taking; that the animal was afterward found near the range where his cattle pastured, and that there was not anyone else in that section of the country who used the same or a similar brand—*held* sufficient to go to the jury.

*Appeal from District Court, Sanders County; Henry L. Myers, Judge.*

THOMAS TROSPER was convicted of grand larceny, and appeals from the judgment and from an order denying him a new trial. Reversed and remanded.

*Mr. Harry H. Parsons,* and *Mr. H. J. Burleigh,* submitted a brief, and argued the cause orally in behalf of Appellant.

The testimony fails to show any *animus furandi,* any guilty intent, any identification even of the animal alleged to be the property of the prosecuting witness. (*Watson* v. *State* (Tex. Cr. App.), 82 S. W. 514.) This court has held that the mere fact that the brand belonged to the prosecuting witness, and that the animal bore such brand, was not proof that they belonged to the prosecuting witness at the time they were taken away or the defendant was not rightly in possession of the animal. (*State* v. *De Wolf,* 29 Mont. 415, 74 Pac. 1084; see, also, *Brooks* v. *People,* 23 Colo. 375, 48 Pac. 502; *Turner* v. *State,* 39 Tex. Cr. 322, 45 S. W. 1020; *Steed* v. *State,* 43 Tex. Cr. 567, 67 S. W. 328; *Sapp* v. *State* (Tex. Cr.), 77 S. W. 456.)

Instruction No. 10 compels the defendant to be judged by a double standard in the alternative. Either he must explain his possession *fully,* or so far as to raise a reasonable doubt. The word "fully" casts upon defendant a greater burden than is permitted by law. Evidence may be sufficient to raise a reasonable doubt and justify an acquittal, although it is insufficient to explain such possession *fully.* (*Wheeler* v. *State,* 79 Neb. 491, 113 N. W. 253.)

Instruction No. 14 requires the defendant, after he has established his rightful possession by evidence sufficient to raise a reasonable doubt in the minds of the jury, to go further and convince the jury that such explanatory evidence is reasonable, satisfactory, probable or true. As a matter of fact, his explanation may be sufficient to raise a reasonable doubt and not be true. It may be sufficient to raise a reasonable doubt, and not be satisfactory or probable or reasonable, and we submit that, under these instructions or either of them, the court committed error. (*State* v. *Judd,* 20 Mont. 420, 51 Pac. 1033.) Instruction No. 14, alone and with instruction No. 10, further is inherent with the vice of invading the province of the jury and of casting upon the defendant a burden of proof not required by law, and virtually lays down a dual standard by which to test the guilt or innocence of the defendant, as above stated. (*People* v. *Wong Sang Lung,* 3 Cal. App. 221, 84 Pac. 843; *Sutherlin* v. *State,* 148 Ind. 695, 48 N. E. 246; *Gilford* v. *State,* 48 Tex. Cr. 312, 87 S. W. 698; *Hart* v. *State,* 47 Tex. Cr. 156, 82 S. W. 652; *McCulloh* v. *State* (Tex. Cr.), 71 S. W. 278; *Denton* v. *State,* 46 Tex. Cr. 193, 79 S. W. 560; *Hopperwood* v. *State,* 39 Tex. Cr. 15, 44 S. W. 841; *Jordan* v. *State,* 51 Tex. Cr. 646, 104 S. W. 900.)

In behalf of the State there was a brief by *Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General. *Mr. Hall* argued the cause orally.

A brand known, or admitted to belong, to an individual, whether recorded or not, is considered evidence of ownership.

In *People* v. *Boucmger*, 71 Cal. 17, 11 Pac. 799, the court said: "An unrecorded brand is some evidence of ownership." In *State* v. *Wolfley*, 75 Kan. 406, 89 Pac. 1046, 93 Pac. 337, 11 L. R. A., n. s., 87, 12 Ann. Cas. 412, the court ably discusses the question of brands as evidence of ownership, refers to many cases, and says: "We regard it as clear that, where an animal is found bearing a certain brand, a just inference may be drawn that it belongs to the person who uses such brand, and that, therefore, in the absence of any statute on the subject, the jury may treat the brand as evidence of ownership." To the same effect, see, also, *State* v. *Cardelli*, 19 Nev. 319, 10 Pac. 433; *Hurst* v. *Territory*, 16 Okl. 600, 86 Pac. 280; *Queen* v. *Forsythe*, 4 Ter. L. Rep. 398. The Texas cases cited by appellant as to brands, not being evidence of ownership, are not in point, for the reason that the Texas statute expressly declares that, "No brand, except such as are recorded  *  *  *  shall be recognized in law as any evidence of ownership."

We submit that neither instructions No. 10 nor 14 is prejudicial to defendant, as they each tell the jury that if a reasonable doubt is raised, the defendant should not be convicted. These instructions, when considered with others given, clearly tell the jury that the state must prove every material matter, beyond a reasonable doubt, and that defendant need only raise a reasonable doubt to be acquitted. (*State* v. *Wolfley*, 75 Kan. 406, 89 Pac. 1046, 93 Pac. 337, 11 L. R. A., n. s., 87, 12 Ann. Cas. 412; *State* v. *Powers*, 39 Mont. 259, 102 Pac. 583.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Thomas Trosper was convicted of grand larceny in stealing a certain cow or heifer alleged to be the property of one Axel Schulstad, and has appealed from the judgment and from an order denying him a new trial. It will only be necessary to consider two of the specifications made.

1. Among others, the court gave instruction No. 14, as follows: "You are instructed that the recent possession of the

stolen property, if it be proven by all of the evidence beyond a reasonable doubt to have been stolen, while not alone sufficient evidence to find the possessor thereof guilty of the crime of having stolen such property, when he is charged with the stealing thereof and made a defendant in a criminal action therefor, yet it may be taken into consideration by the jury, together with all the other evidence in the case, in determining the guilt or innocence of the defendant under such charge; and if the defendant under such circumstances offers and produces evidence in explanation of his possession of such property, it is for you to say under all the evidence whether or not such explanatory evidence is reasonable, satisfactory, probable or true, and whether or not it be sufficient to raise a reasonable doubt of the defendant's guilt under the charge.''

In addition to being erroneous, this instruction fairly illustrates the vice, which is all too prevalent, of attempting to give to a jury an abstract proposition of law, without any attempt to make it directly applicable to the facts of the particular case. This court has heretofore had occasion to condemn this practice (*First National Bank of Portland* v. *Carroll*, 35 Mont. 302, 88 Pac. 1012) ; a jury of laymen ought not to be charged with making the application themselves. If the rule stated is not applicable, it ought not to be given at all; and, if it is applicable, it ought to be made so by the court that the jurors will understand its meaning. But the instruction does not correctly state an abstract rule of law. It might or might not be correct, dependent upon the facts of any case to which it could be applied. We must assume that the trial court intended the jurors to apply the instruction to the facts of this case; and we must assume further that the jurors did so; and, if they did, the error is not only apparent but glaring.

Assuming, for the purpose of argument only, that the evidence produced by the state showed conclusively that the animal in question belonged to Schulstad, and that it was recently stolen from him by some one, and was in the possession of the defendant immediately prior to the time this charge was made,

then the first portion of this instruction correctly tells the jury
that such evidence of recent possession is not in itself sufficient
to justify conviction.  This has been the rule in this jurisdiction
for many years.  But the court then proceeds to tell the jury
that, if the defendant offers an explanation of his recent posses-
sion, it is for the jury to say whether such explanation is rea-
sonable, satisfactory, probable or true, and whether it is suffi-
cient to raise a reasonable doubt of defendant's guilt.  The
explanation offered by the defendant, as shown by this record,
was or was not true.  If it was true, it constituted an absolute
defense, and the court so announced in another instruction.
If it was not true, the jury would be at liberty to disregard it
altogether, and should have been instructed accordingly.  If the
jury found the explanation to be true, there was not anything
further for them to do but to return a verdict of not guilty.
But by this instruction they are told that after finding the ex-
planation to be true, if they did find it to be true, they should
then proceed to determine whether such true explanation raised
a reasonable doubt of defendant's guilt.  This was constituting
the jury, not triers of fact, but judges of law.  They were left
to say what shall be the legal effect of certain evidence after it
is found to be true.  Jurors are the judges of the credibility of
witnesses and of the weight to be given to their testimony; but
the effect to be given to evidence found to be true is to be deter-
mined as a question of law.

The words "reasonable," "satisfactory," and "probable,"
used in the instruction, are defined as follows: "Reasonable"
means governed by reason; agreeable to reason; synonyms:
just, honest.  "Satisfactory" means relieving the mind of
doubt or uncertainty, and enabling it to rest with confidence.
"Probable" means capable of being proved; having more evi-
dence for than against.  (Webster's International Dictionary.)
So that, as applied to this case, these words all mean substan-
tially the same thing, and must have been so understood by the
jury.  When one is charged with the commission of a larceny,
and the evidence offered by the state shows that the property

was stolen by some one, and that the defendant was recently in possession of it, it is wholly immaterial how strong the case may be; there cannot be a conviction if the evidence offered by the defendant in explanation of his possession is sufficient to raise a reasonable doubt of his guilt. His explanation may or may not in fact be reasonable, probable, satisfactory, or true; yet, if in the minds of the jury it creates a reasonable doubt of his guilt, he is entitled to an acquittal. While there are a few states in which this rule is denied, it is well-nigh universal and has been so recognized in this country for a century or more. The rule is fairly well stated in 25 Cyc. 137, as follows: "Defendant is not bound to prove the truth of his explanation; the presumption arising from recent possession is removed if the explanation leaves the matter in doubt. In other words, when such a reasonable explanation of the possession is given, the prosecution must establish the falsity of it beyond a reasonable doubt." And many authorities are cited in support of the text. As we cannot fathom the minds of the jurors, we cannot say that this instruction did not lead them to require from the defendant a *quantum* of proof greater than that imposed by law. We must assume that they understood the instruction and applied it as given.

We are not prepared to say that instruction No. 10, given by the court, is erroneous, when tested by the strict rules of law; but it is so phrased that it is likely to mislead, instead of enlighten, the jury. In speaking of the defense interposed by the defendant, the court should not have said, "And if the defendant establish this [defense] by the evidence fully," even though the expression is immediately followed by a correct statement of the rule of law.

2. It is urged that the evidence of ownership or identity of the animal, as the property of Schulstad, is insufficient to go to the jury, and *State* v. *De Wolfe*, 29 Mont. 415, 74 Pac. 1084, is relied upon. In the *De Wolfe Case* we did not go further than to say: "The fact that the O L brand belonged to Houk, and that the horses bore such brand, was not proof that they be-

longed to Houk at the time they were driven away, or that defendant was not rightfully in possession of them.'' The present case is very different, and while it will not be necessary for us at this time to go to the extent that the Canadian court went in *Queen* v. *Forsythe,* 4 Ter. L. Rep. 398, we do think the evidence in this case upon this question was sufficient to go to the jury. The evidence tends to show that the animal in question was branded with Schulstad's brand; that it was of the same breed and general description as Schulstad's cattle; that Schulstad had not sold any cattle of this character within the last ten years; that this animal was found near the range where Schulstad's cattle pastured; and that there was not anyone else in that section of the country who used that or a similar brand. But since a new trial must be ordered, we will not consider the evidence further.

For the error in giving instruction No. 14 above, the judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.