KELLY *v.* STATE.

[72 South. 928.]

CRIMINAL LAW. *Instructions. Reasonable doubt.*

> An instruction for the state that "by a reasonable doubt is meant
> not a mere speculative doubt or vague conjecture, mere suppo-
> sition, or hypothesis, but such a doubt as reasonably arises
> out of the testimony, a doubt for which a reason can be given,"
> besides being generally objectionable in attempting to define a
> reasonable doubt, is erroneous in declaring that a reasonable
> doubt must arise out of the evidence when it may arise also
> from the want of evidence.

APPEAL from the circuit court of Clarke county.
HON. R. W. HEIDELBURG, Judge.
Hub Kelly was convicted of forgery and appeals.
The facts are fully stated in the opinion of the court.

*S. W. Johnston,* for appellant.

Argument on assignment of error number three.
Because the court granted the following instruction
for the state, which instruction appears on page 70
of the record: "The court instructs the jury for the

state that by a reasonable doubt is meant not a mere speculative doubt or vague conjecture, mere supposition or hypothesis, but such a doubt as reasonably arises out of the testimony, a doubt for which a reason can be given."

The court can see at a glance that the learned judge below committed fatal error in granting this instruction. The instruction excludes the theory that a reasonable doubt may arise from the lack of evidence. This instruction has been condemned in the case of *Hale* v. *State,* in which the court observes: "An instruction as to reasonable doubt, which declares that it must arise out of the evidence, is objectionable, since it may arise from the want of evidence, *Hale* v. *State,* 72 Miss. 140; again in *Knight* v. *State,* 74 Miss. 140, Judge WHITFIELD said: A reasonable doubt may arise from the want of evidence as to some fact having a natural connection with the case. In *Taylor* v. *State,* Judge CALHOUN condemns almost the identical instruction. 89 Miss. 671. The district attorney has been flirting with the indefinable; trying to grasp that which is intangible, and if I be not mistaken, has committed a reversible error in securing the above instruction. The instruction was not cured by any additional ones; there were only a few instructions, and none for the state or for the defendant can be said to have cured the error. For this error, I am of the opinion that the case should be reversed.

*Ross A. Collins,* Attorney-General, for the state.

The third assignment is predicated on the instruction given the state, as found on page 49, and which is as follows: "The court instructs the jury for the state that by a reasonable doubt is meant not a mere speculative doubt or vague conjecture, mere supposition or hypothesis, but such a doubt as reasonably arises out of the testimony—a doubt for which a reason can be given."

I will not contend that this instruction was an absolutely proper one because it has come under the criticism of this court heretofore. In *Klyce* v. *State,* 78 Miss. 450, 28 So. 827, this court has criticised an instruction whereby the jurors are told that they should be able to state a reason for their reasonable doubt. However, as in the case last cited the giving of this instruction constituted no serious or reversible error. This instruction is attacked more for the reason that it fails to state that the doubt should arise both out of the testimony and from the lack of testimony.

Now it is apparent from a consideration of the record in this case that the appellant could not have been prejudiced by this formal omission, but on the contrary his case would rather be strengthened. Let it be remembered that the state's theory was built on evidence largely circumstantial in its nature, and consequently there were gaps in the evidence that had to be supplied from inductive reasoning. If the jury were told that they had to confine themselves to the testimony rather than the lack of testimony, the appellant was benefited rather than prejudiced. His defense was that of an *alibi* whereas the state, aside from the testimony of Mr. Foster, had to depend upon various concomitant circumstances to establish the guilt of the accused.

POTTER, J., delivered the opinion of the court.

The appellant in this case was indicted, tried, and convicted at the March term, 1916, of the circuit court of Clarke county on a charge of forgery, and was sentenced to serve four years in the penitentiary. In the trial of this case the court granted the following instruction for the state:

"The court instructs the jury for the state that by a reasonable doubt is meant not a mere speculative doubt or vague conjecture, mere supposition, or

hypothesis, but such a doubt as reasonably arises out of the testimony; a doubt for which a reason can be given.''

This instruction is practically the same instruction as has been many times held erroneous by this court. Besides, being generally objectionable in attempting to define a reasonable doubt, the instruction is erroneous in declaring that a reasonable doubt must arise out of the evidence when it may arise also from the want of evidence. *Hale* v. *State,* 72 Miss. 140, 16 So. 387; *Knight* v. *State,* 74 Miss. 140, 20 So. 860.

*Reversed and remanded.*