THE STATE, DEFENDANT IN ERROR, v. WILLIAM J. PARKS, PLAINTIFF IN ERROR.

Submitted July 7, 1921—Decided November 1, 1921.

1. In a criminal case, where the personal presence of the defendant at the scene of the alleged crime is an essential of his guilt, and the defence of alibi is interposed, defendant is entitled to an acquittal if the testimony creates such a degree of uncertainty as to his whereabouts that the jury are not satisfied beyond a reasonable doubt of his guilt.

2. Definition of a reasonable doubt as "a doubt arising on the evidence for which you as reasonable men can give a good and sufficient reason," *held* erroneous.

3. Under the circumstances of this case, it was error to instruct the jury that for them to say: "Well, I believe this man is guilty, but this lady's story creates in my mind some doubt, and, therefore, I will give him the benefit of it and let him go," would not be a doubt that would justify an acquittal.

4. An erroneous instruction is not cured by the existence of correct instructions elsewhere in the charge, unless the illegal one is withdrawn.

On error to the Monmouth County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *Edmund Wilson.*

For the state, *Charles F. Sexton,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. The judgment in this case must be reversed for two errors in the charge of the trial court which were manifestly harmful to the defendant.

The first related to the defence of alibi interposed by him. As the indictment was for abortion resulting from an operation claimed to have been performed by him personally, alibi was a pertinent and adequate defence. On this subject the court charged as follows:

"He interposes as a defence what is known as an alibi, which means nothing more nor less than that he was elsewhere at the time that is alleged this operation was performed, and you must reconcile that testimony with the testimony of the state alleging his guilt. The burden is upon the defendant to prove his alibi by the greater preponderance of the proof. That does not relieve the state, however, of the duty cast upon it of proving his guilt beyond a reasonable doubt. But since the defendant interposes an alibi, the burden is upon him to satisfy you by the greater preponderance of the proof that he was not at his office at the hour that the young woman alleges this operation was performed."

The law is entirely settled in this state that where the presence of the defendant at the place of the alleged crime is an essential link in the chain of proof, such presence, like any other essential fact, must be established beyond a reasonable doubt. *Sherlock* v. *State,* 60 *N. J. L.* 31. In that case, it was said, that upon the interposition of an alibi, any one of three conclusions might be reached by the jury—(*a*) that defendant was present, notwithstanding such evidence; (*b*) that he was absent, in which case he is said to have "proved his alibi;" or (*c*) that the testimony may create such a degree of uncertainty as to his whereabouts that the jury are not satisfied beyond reasonable doubt of his guilt of the crime in question; and that by putting the burden on him to prove his absence by preponderance of evidence, he is deprived of the benefit of that reasonable doubt.

This decision was followed by *State* v. *MacQueen,* 69 *N. J. L.* 522, 531; *State* v. *Tapack,* 78 *Id.* 208, and *State* v. *Diamond,* 84 *Id.* 17. The instruction quoted above is similar in all essentials to passages considered in those cases and constituted harmful error.

The court also erred in the charge on reasonable doubt. The judge charged in part:

"But there is one comment I want to make, and make emphatically, gentlemen, and that is that if you are convinced beyond a reasonable doubt that this defendant is guilty, he should not be allowed to escape. And I put emphasis upon that; whether you are convinced beyond a reasonable doubt of his guilt. It would not do for you to say: 'Well, I believe this man is guilty but this lady's story creates in my mind some doubt, and, therefore, I will give him the benefit of it and let him go.' That is not a doubt, gentlemen, in the case that would justify an acquittal * * *."

As we view the matter, it is conspicuously a doubt that would justify an acquittal. The defendant was a colored man, a practitioner of medicine; complaining witness a white woman. It appeared that there were two other colored doctors in the immediate neighborhood. She admitted on her cross-

examination that she had been unable positively to identify him at the hospital; that she was "quite puzzled," and that at the trial she remembered him by his mustache (the same, she said, that he wore when he was brought to the hospital), and that he was "about the only doctor she had ever seen that was a colored doctor." Of course, defendant may well have been the right man; but it needs no argument to show that on testimony of this kind the jury may believe the defendant guilty but not entertain that abiding conviction to a moral certainty, of his guilt, which is laid down as a test by the Court of Errors and Appeals. *State* v. *Linker*, 94 *N. J. L.* 411. Reasonable doubt is not necessarily a result to be worked out by the rules of logic; it may likewise legitimately arise from the impressions, often incapable of analysis, made upon the minds of the jurors by the evidence and the witnesses.

The same or similar criticism applies to a further instruction in this case that reasonable doubt is "a doubt arising upon the evidence for which you as reasonable men can give a good and sufficient reason." Both instructions contained harmful error.

It is suggested for the state that other parts of the charge should be considered as curing any such error as we have just discussed. But, at the best, this would merely make a case of contradictory instructions, and, unless the erroneous instruction is withdrawn, the error is not cured. *Burnett* v. *State*, 60 *N. J. L.* 255; *State* v. *Tapack, supra; Metropolitan Co.* v. *Brazos*, 81 *Id.* 649, 654; *State* v. *Clayton*, 83 *Id.* 673, 675, 676; *State* v. *Diamond, supra; State* v. *Mausert*, 85 *Id.* 498, 501; *Collins* v. *Central Railroad Co.*, 90 *Id.* 593.

The judgment will be reversed that a *venire de novo* issue.