## STATE, Respondent, v. CARL BUBIS, Appellant.

[227 Pac. 384.]

CRIMINAL LAW—POSSESSION OF INTOXICATING LIQUOR—EVIDENCE OF COLLATERAL OFFENSE — HEARSAY — ERROR CURED BY OTHER EVIDENCE—PREJUDICIAL ERROR — REVERSIBLE ERROR — INSTRUCTIONS—PRESUMPTION OF INNOCENCE—REASONABLE DOUBT.

1. It is not error, on a criminal trial, to admit evidence of an act, which necessarily involves or includes the act charged.

2. It is error to permit a witness to testify to hearsay statements made by him to a defendant, when the defendant does not, in his reply, admit the truth of such statements.

3. The admission of hearsay evidence is not reversible error when the facts sought to be proved are so clearly established by other competent evidence as to negative any reasonable inference that the admission of the hearsay evidence had a prejudicial effect.

4. Certain instructions as to presumption of innocence and reasonable doubt examined and *held* not to be reversible error.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Prosecution for unlawful possession of intoxicating liquor. Judgment of conviction. *Affirmed.*

D. E. Brinck and J. R. Smead, for Appellant.

Silence, under accusation of crime, the accusation consisting of a hearsay statement, is not an admission of guilt. (*State v. Foley,* 144 Mo. 600, 46 S. W. 733.)

To be admissible as *res gestae,* a statement must relate to the alleged offense under investigation. (16 C. J., secs. 1114–1116, p. 576; *Huntington v. United States,* 175 Fed. 950, 99 C. C. A. 440; *Rutherford v. Commonwealth,* 13 Bush (Ky.), 608.)

Presumption of innocence continues throughout the trial and until final determination by jury. (1 Randall on Instructions, sec. 190; *United States v. Richards,* 149 Fed. 443, 454; *Crowell v. State,* 15 Ariz. 66, 136 Pac. 279; *Flynn*

*v. People,* 222 Ill. 303, 78 N. E. 617; *People v. Ambach,* 247 Ill. 451, 93 N. E. 310.)

It is error to require jury to be able to assign a reason for reasonable doubt. (*Owens v. United States,* 130 Fed. 222, 64 C. C. A. 525; *Bennett v. State,* 95 Ark. 100, 128 S. W. 851; *Blue v. State,* 86 Neb. 189, 125 N. W. 136; *State v. Cohen,* 108 Iowa, 208, 75 Am. St. 213, 78 N. W. 857; *Klyce v. State,* 78 Miss. 450, 28 So. 827; *State v. Parks,* 96 N. J. L. 360, 115 Atl. 305; *Morgan v. State,* 7 Okl. Cr. 45, 121 Pac. 1088; *Cowan v. State,* 22 Neb. 519, 35 N. W. 405.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

Admission of hearsay evidence does not constitute a ground for reversal in the absence of prejudice or injury to defendant. (17 C. J., sec. 3675, note 56, p. 332.)

Admission of hearsay evidence does not constitute a ground for reversal where the matter as to which the hearsay evidence was admitted was established by other evidence which was competent. (17 C. J., sec. 3675, note 59, p. 332.)

The giving of the instruction on the presumption of innocence was not error. (*State v. Gilbert,* 8 Ida. 346, 1 Ann. Cas. 280, 69 Pac. 62; *State v. Dong Sing,* 35 Ida. 616, 208 Pac. 860.)

The giving of the instruction on reasonable doubt was not error. (*State v. Gilbert, supra; State v. Moon,* 20 Ida. 202, Ann. Cas. 1913A, 724, 117 Pac. 757; *State v. Nolan,* 31 Ida. 71, 169 Pac. 295; *Arnold v. State,* 141 Ga. 494, 62 S. E. 806; *State v. Wolfley,* 75 Kan. 406, 89 Pac. 1046; *United States v. McHugh,* 253 Fed. 224.)

McCARTHY, C. J.—This appeal is taken from a judgment of conviction of the crime of unlawful possession of intoxicating liquor. The principal assignments of error are, (1) the court erred in admitting evidence of a certain statement made by the sheriff to the appellant and the latter's reply; (2) the court erred in sustaining respond-

ent's objection to certain questions asked the sheriff on cross-examination relating to the statement which he had made to the appellant; (3) the court erred in giving two instructions.

The sheriff was permitted to testify over objection that he stated to appellant, while making an examination of his residence, that he had been informed by a friend of appellant, who lived in that vicinity or near, that appellant was selling liquor there and that appellant said in response to this, "No. I no make it. I didn't make it." The contention is that the admission of this evidence is prejudicial error; first, because it tends to prove the commission of a collateral offense, and, secondly, because it is hearsay. Respondent defends the admission of the evidence on the ground that appellant's answer to the statement made by the sheriff constitutes an implied admission, in that, when appellant said that he did not make it (referring to the liquor), he impliedly admitted that he had possession of it as charged in the information.

The objection, however, is not to the sheriff's testimony as to what appellant said, but rather to the sheriff's testimony as to what he said to appellant. It will be noted that the sheriff did not ask appellant a question, but rather made a statement to him which constituted a recital of facts; that the statement was calculated to give the jury the impression that appellant was selling liquor. It was a hearsay statement. If the defendant had admitted the truth of the statement this would remove all question. This, however, he did not do. His answer shows that he must have misunderstood the statement of the sheriff. Treating the statement of the sheriff as the objectionable matter, we will examine the grounds of objection to it. The first ground is that it tends to prove a collateral offense, viz., the sale of liquor. The words "that appellant was selling liquor there" necessarily imply in the house or on the premises. Granting that one may sell liquor, or at least participate in a sale, without having possession of it, that was not the state of facts suggested by the language. Selling

it "there" necessarily involved having possession of it. In other words, the facts involved in the statement, if proved, would tend to establish the crime charged, viz., possession. If the evidence were otherwise admissible, it would not be inadmissible as tending to prove a collateral offense.

The objection to the sheriff's statement as hearsay was well taken. It is true that statements voluntarily made by a defendant, constituting an express or implied admission, are admissible in evidence. This does not mean, however, that officers can engage a defendant in conversation, make statements of fact to him based entirely on hearsay and thus make hearsay evidence admissible. In *State v. Main*, 37 Ida. 449, 216 Pac. 731, we held:

"It is error to permit a witness, by way of explaining contradictory statements, to give hearsay evidence of a prejudicial nature."

In a similar way it is error to permit a witness to testify to hearsay statements which he made to a defendant during a conversation with him, unless the defendant, in replying to such statements, admitted they were true.

On cross-examination appellant's counsel asked the sheriff to name the person or persons who had informed him that appellant was selling liquor, to which an objection by respondent was sustained. The lower court evidently took the position that the sheriff's statement to appellant was admissible in order to lay a foundation for the answer which appellant made, but that the question who had given the sheriff the information raised a collateral issue. The admission of the statement was error. To have followed this up by permitting appellant to inquire as to the source of the sheriff's information would not have cured the error and would have been pursuing a collateral issue. The principal question is whether the admission of the sheriff's statement was so prejudicial as to be reversible.

It is well established that the admission of hearsay evidence is not reversible error if the facts sought to be proved be so clearly established by other competent evidence as to

negative any reasonable inference that the admission of the hearsay evidence had a prejudicial effect. (17 C. J., p. 332, sec. 3675.) The evidence introduced by respondent shows that the officers, at the time they searched appellant's residence, found a ten-gallon keg of raisin mash in the bathroom and found a trap-door in a toilet. There were two openings in the foundation of the house, and tracks around one of them, both outside and inside. Going through one of these openings they found underneath the house four bottles of moonshine whisky, an empty ten-gallon keg, a bunch of corks and an empty jug, which had the odor of moonshine. The sheriff asked appellant how he got under the house and he said: "I go through hole back where you find the bottle." One of the officers searching under the house said: "I found another bottle," and appellant said, "Well, they found it. I guess they take me to jail." When taken to jail appellant said he would plead guilty to possession but not to manufacture.

Testifying in his own behalf appellant said that the ten-gallon keg contained raisin compote for use in cooking. He denied any knowledge of the moonshine whisky which was found under the house. He denied telling the sheriff how he got under the house. He said that when he heard one of the officers say, "Here it is," he replied, "Maybe find something. Maybe take me in jail." He said that the officers told him, if he pleaded guilty to possession, that did not mean he put the liquor there or knew anything about it, and with that understanding he said he was guilty of possession. Respondent introduced evidence, in chief and in rebuttal, that such a statement was not made to him. A justice of the peace was called to the jail and committed defendant for trial in the district court on the charge of possession, on the theory that he had waived a preliminary examination. Later the district court, on appellant's motion, quashed an information on the ground that appellant had not waived a preliminary. He was then given a preliminary examination. However, this did not render inadmissible the evidence of the officers that appellant said he

would plead guilty to possession but not to manufacture. Whether he waived the preliminary or not, this statement was admissible. Whether it was obtained by misrepresentation was, on the evidence, a question for the jury.

In view of all the facts shown by this record we conclude that the admission of the evidence of the statement made by the sheriff to appellant was not reversible error. In view of the other evidence there is no reason to believe that it was an inducing or even contributing cause of the verdict.

Appellant complains of language used in one instruction of the court as follows, to wit:

"This presumption of innocence has the weight and effect of evidence in the defendant's behalf, and should continue until it is rebutted by competent evidence which displaces any reasonable doubt which you might otherwise have of the defendant's guilt."

The complaint made of this instruction is that under it "If the state's evidence in chief is sufficient to convince the jury, beyond a reasonable doubt, of the defendant's guilt, he then commences the introduction of testimony in his own behalf without the benefit of that presumption."

C. S., sec. 8944, reads as follows: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal."

Reading the instructions as a whole it is apparent that the jury must have understood they were to consider all the evidence, and give the appellant the benefit of any reasonable doubt which arose from such a consideration. All that the court meant to say was that the presumption of innocence continued until, from all the evidence, the jury were satisfied of his guilt beyond a reasonable doubt. That the language complained of is not reversible error, see *State v. Gilbert*, 8 Ida. 346, at 351, 1 Ann. Cas. 280, 69 Pac. 62; *State v. Dong Sing*, 35 Ida. 616, 208 Pac. 860; *People v. Warfield*, 261 Ill. 293, 103 N. E. 979. In *State v. Dong Sing, supra,* there is a dissenting opinion, but not upon this point.

Appellant also complains of the following language used in one of the instructions:

"A reasonable doubt is an actual doubt based upon the evidence, or lack of evidence, and upon reason that you are conscious of, after going over in your minds, the entire case, giving consideration to all the testimony."

The objection is that a juryman might have a doubt for which it might be difficult or impossible to assign any reason. Surely, however, he would be conscious of some reason. That is to say, a verdict should be based upon the operation of mental processes and the exercise of judgment. That this language is not prejudicial error, see *State v. Gilbert, supra; State v. Moon,* 20 Ida. 202, Ann. Cas. 1913A, 724, 117 Pac. 757; *State v. Nolan,* 31 Ida. 71, 169 Pac. 295.

We find no reversible error in the record. The judgment is therefore affirmed.

William A. Lee and Wm. E. Lee, JJ., concur.