283 P.2d 582

STATE of Idaho, Plaintiff-Respondent,

v.

Ralph E. TAYLOR, Defendant-Appellant.

No. 8098.

Supreme Court of Idaho.

May 3, 1955.

Delana & Delana, Boise, for appellant.

Graydon W. Smith, Atty. Gen., J. R. Smead, T. J. Jones, III, Asst. Attys. Gen., James A. McClure, Pros. Atty., Payette, for respondent.

PORTER, Justice.

Appellant was found guilty by a jury in Payette County of the crime of statutory rape. He was sentenced to imprisonment in the state penitentiary for the term of not to exceed five years. From the judgment of conviction entered against him, he has appealed to this court.

On this appeal, appellant lists only two assignments of error. Appellant, by his first assignment of error, contends the trial court erred in giving that part of Instruction No. 7 reading as follows:

"A 'reasonable doubt' is what the word implies; a doubt founded in

reason; a doubt for which you can give a sensible reason; a doubt growing out of the testimony in the case, or the lack of testimony; a doubt which would cause you to hesitate in the ordinary affairs of life. It is not a flimsy, fanciful, fictitious doubt which you could raise about anything and everything."

Appellant complains of this instruction "For the reasons that it is erroneous (a) to instruct the jury that a reasonable doubt is a doubt, that the jury or jurors should be able to give a reason for; (b) To instruct the jury that a reasonable doubt is a doubt for which the jury or jurors can give a *sensible* reason; (c) To instruct the jury that only such a doubt entitled the defendant to an acquittal."

Appellant cites the following authorities from other jurisdictions which appear to lend support to his position: Gibbons v. Territory, 21 Okl. 340, 96 P. 466; Abbott v. Territory, 20 Okl. 119, 94 P. 179, 16 L.R.A.,N.S., 260; Childs v. State, 34 Neb. 236, 51 N.W. 837; State v. Cohen, 108 Iowa 208, 78 N.W. 857; Siberry v. State, 133 Ind. 677, 33 N.E. 681; Owens v. United States, 9 Cir., 130 F. 279; State v. Parks, 96 N.J.L. 360, 115 A. 305; Gilcoat v. State, 155 Ark. 455, 244 S.W. 723; Pettine v. Territory of New Mexico, 8 Cir., 201 F. 489.

The following cases from other jurisdictions appear to be contrary to the con-

tention of appellant and to support the questioned instruction: People v. Davis, 171 Mich. 241, 137 N.W. 61; State v. Liberman, 59 N.D. 252, 229 N.W. 363; State v. McCune, 16 Utah 170, 51 P. 818; Emery v. State, 101 Wis. 627, 78 N.W. 145; State v. Roberts, 15 Or. 187, 13 P. 896; Wallace v. State, 41 Fla. 547, 26 So. 713; People v. Guidici, 100 N.Y. 503, 3 N.E. 493; State v. Grant, 20 S.D. 164, 105 N.W. 97, 11 Ann. Cas. 1017.

The foregoing lists of cases are not exhaustive but the cases cited are intended to be illustrative.

Our court on many occasions has considered instructions defining and attempting to define the term "reasonable doubt." State v. Lyons, 7 Idaho 530, 64 P. 236; State v. Gilbert, 8 Idaho 346, 69 P. 62; State v. Moon, 20 Idaho 202, 117 P. 757; State v. Nolan, 31 Idaho 71, 169 P. 295; State v. Bubis, 39 Idaho 376, 227 P. 384; State v. Cox, 55 Idaho 694, 46 P.2d 1093; State v. Hix, 58 Idaho 730, 78 P.2d 1003; State v. Taylor, 59 Idaho 724, 87 P.2d 454; State v. Craner, 60 Idaho 620, 94 P.2d 1081; State v. Dickens, 68 Idaho 173, 191 P.2d 364.

It is in the light of our own decisions that the questioned instruction is to be considered. In State v. Bubis, 39 Idaho 376, at page 382, 227 P. 384, at pages 385–

386, in considering an instruction on reasonable doubt, this court spoke as follows:

"Appellant also complains of the following language used in one of the instructions:

"'A reasonable doubt is an actual doubt, based upon the evidence or lack of evidence and upon reason that you are conscious of after going over in your minds, the entire case giving consideration to all the testimony.'

"The objection is that a juryman might have a doubt for which it might be difficult or impossible to assign any reason. Surely, however, he would be conscious of some reason; that is to say, a verdict should be based upon the operation of mental processes and the exercise of judgment. That this language is not prejudicial error, see State v. Gilbert, supra, [8 Idaho 346, 69 P. 62]; State v. Moon, 20 Idaho 202, 117 P. 757, Ann.Cas.1913A, 724; State v. Nolan, 31 Idaho 71, 169 P. 295."

In State v. Dickens, supra, this court reviewed at length the Idaho decisions dealing with instructions on reasonable doubt and again approved the instruction given in State v. Bubis, supra.

In the Dickens case the instruction on reasonable doubt given in State v. Bubis, supra, is set out as follows: [68 Idaho 181, 191 P.2d 368]

"'A reasonable doubt is an actual doubt based upon the evidence, or lack of evidence, and upon reason that you are conscious of after going over in your minds the entire case, giving consideration to all the testimony. If you then feel uncertain and not fully convinced that the defendant is guilty, or if you feel that you would not be acting reasonably should you find him guilty, and if you believe that a reasonable man in any matter of like importance in his own affairs would hesitate to act because of such a doubt as you are conscious of having, then that is a reasonable doubt and the defendant is entitled to the benefit of it. But, if after considering all the evidence you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt and should return you verdict accordingly.' "

The instruction on reasonable doubt contained in Instruction No. 7 in this case is as follows:

"A 'reasonable doubt' is what the word implies; a doubt founded in reason; a doubt for which you can give a sensible reason; a doubt growing out of the testimony in the case, or the lack of testimony; a doubt which would cause you to hesitate in the ordinary affairs of life. It is not a flimsy, fanciful, fictitious doubt which you could raise about anything and everything. It means a reasonable doubt. If, when all is said and done, you have such a doubt about the guilt of the accused, it is your duty to acquit him.

If, however, after considering these instructions and all the evidence that you are permitted to consider, you have an abiding conviction of the truth of the charge, you are satisfied beyond a reasonable doubt and should render your verdict accordingly."

A comparison of these two instructions shows that they are substantially the same in import. In the Bubis case we held in effect the juror must be conscious of a reason for his doubt arising from the operation of mental processes and not from mere fancy. By Instruction No. 7 herein the juror is required to have a doubt for which he can give a sensible reason and not based upon a mere fanciful reason. To say either that the juror must be conscious of such a reason or to say that he must be able to give such a reason is to convey the same thought. The word "sensible" is sometimes used as synonymous with the word "reasonable." Webster's New International Dictionary, Second Edition; Tabor v. Continental Baking Co., 110 Ind.App. 633, 38 N.E.2d 257.

■ When we consider Instruction No. 7 as a whole and compare the same with the instruction given on reasonable doubt in State v. Bubis, supra, which we have approved, the difference between the two instructions appears to be of slight weight or importance and the jury could not have been misled thereby. While the use of the phrase "a doubt for which you can give a sensible reason" was erroneous, the use of same in conjunction with the remainder of Instruction No. 7 was not prejudicial error requiring a reversal of the judgment in this cause.

This court has on a number of occasions criticized long and involved definitions and attempted definitions of "reasonable doubt." Such instructions generally are more apt to confuse the jury than to enlighten it. A short, concise instruction on reasonable doubt is to be preferred. In some jurisdictions the courts have frowned upon the giving of any instruction attempting to define reasonable doubt. Wallace v. State, 96 Okl.Cr. 163, 250 P.2d 484; State v. Liberman, supra, and cases cited.

■ It will be noted that Instruction No. 7 used the phrase "a doubt which would cause you to hesitate in the *ordinary affairs* of life." (Emphasis supplied.) While appellant does not set out the use of the words "ordinary affairs" as error, or claim that same were prejudicial to appellant, the use of the phrase "ordinary affairs of life" is improper. In State v. Nolan, supra, [31 Idaho 71, 169 P. 298], the terms " 'graver transactions of life' " and " 'important affairs of life' " are approved. In State v. Bubis, supra, as shown in State v. Dickens, supra, the instruction used the phrase "in any matter of like importance in his own affairs."

The second assignment of error urged by appellant is as follows:

"The Court erred in allowing the Prosecuting Attorney on cross exam-

ination of the defendant to question the defendant about and confront the defendant with or compare or read to the defendant the testimony of other witnesses and to ask the defendant if the testimony of such other witnesses was a mistake or was untrue or false, * * *."

■ An examination of the record with reference to the questions about which appellant complains shows that no objections were made to such questions, no motions were made to strike such questions or the answers thereto and no rulings were requested or made thereon by the trial court. Under these circumstances no error was preserved for consideration by this court on appeal. Objections to evidence cannot be raised for the first time on appeal. Goody v. Maryland Casualty Co., 53 Idaho 523, 25 P.2d 1045; State v. Boyatt, 59 Idaho 771, 87 P.2d 992; Neff v. Hysen, 72 Idaho 470, 244 P.2d·146.

In State v. Davis, 57 Idaho 413, at page 420, 65 P.2d 1385, at page 1388, in referring to alleged error in the cross examination of a witness, the court said:

"He was cross-examined without objection from the appellant and it is this cross-examination which is now assigned as error in the third subdivision. There was no objection, no adverse ruling, and so no error. State v. Baker, 28 Idaho 727, 156 P. 103; Hurt v. Monumental Mercury Min. Co., 35 Idaho 295, 206 P. 184; State

v. Chacon, 36 Idaho 148, 209 P. 889; State v. Keyser, 38 Idaho 57, 219 P. 775; State v. Wilson, 51 Idaho 659, 9 P.2d 497."

■ Appellant suggests that "while the general rule is that questions not raised in the trial court will not be considered on appeal, an exception to the general rule exists in cases of material defects which are apparent on the face of the record which are fundamental in there connection or which clearly show manifest injustice." Conceding the existence of the alleged exception it could have no application in this case. The matter which defendant seeks to have us declare erroneous consisted of alleged improper cross-examination by repeating the evidence of other witnesses and asking the appellant if the same were true or false. The testimony of the other witnesses and the testimony of appellant on the facts was already in evidence. The cross-examination only brought out the contradiction. Appellant was not thereby deprived of his fundamental rights.

The judgment of conviction is affirmed.

TAYLOR, C. J., and BAKER, District Judge, concur.

McQUADE, District Judge, dissents.

KEETON, Justice (dissenting).

I am of the opinion that appellant was not given a fair and impartial trial and the

instruction complained of, set forth in the majority opinion, defining reasonable doubt is fundamentally erroneous, and deprived appellant of a well recognized, long established right.

The principle that one accused of crime must be first tried and convicted on sworn testimony which convinces the jury of his guilt beyond a reasonable doubt is as basic and fundamental as the constitution itself. No person accused of crime should be deprived of such right.

I make the broad assertion that few authorities, under the conditions here being considered, approve the instruction on reasonable doubt given in this case, or affirm a conviction where such an instruction was given; further, the majority of the cases cited in the majority opinion to sustain the decision do not sustain any such conclusion, and if there are any decisions cited in point sustaining the conclusion reached, such decisions are contrary to the great weight of American authority.

The instruction complained of contains two basic errors: first, that part which required the jury, or an individual juror, to give a *sensible* reason for a doubt; second, "a doubt which would cause you to hesitate in the *ordinary* affairs of life". Such an instruction is not the law and never has been, and the instruction as a whole is confusing, misleading, contradictory and prejudicial.

The following cases, among many others, have held the giving of a similar instruction reversible error: Abbott v. Territory, 1 Okl.Cr. 1, 94 P. 179, 16 L.R.A.,N.S., 260; Moore v. State, 90 Okl.Cr. 415, 214 P.2d 966; Pettine v. Territory of New Mexico, 8 Cir., 201 F. 489; Commonwealth v. Custer, 145 Pa.Super. 535, 21 A.2d 524; Commonwealth v. Meigio, 145 Pa.Super. 335, 20 A.2d 907; Gilcoat v. State, 155 Ark. 455, 244 S.W. 723; Owens v. United States, 9 Cir., 130 F. 279, 64 C.C.A. 525, 529; Leonard v. State, 150 Ala. 89, 43 So. 214; Bennett v. State, 95 Ark. 100, 128 S.W. 851; State v. Lee, 113 Iowa 348, 85 N.W. 619; Kelly v. State, 112 Miss. 245, 72 So. 928; Blue v. State, 86 Neb. 189, 125 N.W. 136; Morgan v. State, 48 Ohio St. 371, 27 N.E. 710; State v. Trosper, 41 Mont. 442, 109 P. 858. Pages of similar authorities could be cited.

The part of the instruction which told the jury that reasonable doubt is "a doubt which would cause you to hesitate in the *ordinary* affairs of life" has, by inference, been condemned by our own Court. See Idaho cases cited in the majority opinion and for collection of cases see 23 C.J.S., Criminal Law, § 1279, page 849 and 16 C.J. page 990.

Hence to advise the jury that they, or an individual juror, must, or should be able to give a reason for a doubt of guilt, or that a defendant can be convicted if the jury is convinced beyond a reasonable doubt when considering the ordinary affairs of life, is basically erroneous and I cannot adhere to the majority opinion sustaining the conviction.

An instruction that is apt to confuse or mislead the jury or requires an involved explanation or is ambiguous and uncertain or erroneously states the law or is confusing or misleading should not be given. State v. Wheeler, 70 Idaho 455, 220 P.2d 687.

The offense of which appellant stood charged is one easy to make and hard to disprove. Such a charge is generally surrounded with popular prejudice, and in the trial the rights of the accused should be safeguarded and respected.

Whether a defendant in a criminal case is guilty or innocent, he is entitled to be fairly and impartially tried, and when not so tried, he is entitled to a reversal. The judgment of conviction should be reversed.