(July 27, 1922.)

O. C. CARSSOW, A. E. CARSSOW and PAUL W. JOHNSON, Appellants, v. CALEB BRINTON, Respondent.

[208 Pac. 1031.]

DEEDS—IMPLIED COVENANT AGAINST ENCUMBRANCES FROM THE USE OF THE WORD "GRANT"—COVENANT IMPLIED FROM THE USE OF THE WORD "GRANT" RUNS ·WITH THE LAND.

1. Under C. S., sec. 5384, the word "grant" in a deed of conveyance implies a covenant against the encumbrance of a tax lien which attaches during ˉthe ownership of the grantor, and such implied covenant runs with the land.

2. A remote grantee may maintain an action against a prior grantor for the amount paid to remove a tax lien from the premises which attached during the ownership of such prior grantor.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action to recover taxes paid on covenant implied from the use of the word "grant" in a deed of conveyance. Demurrer to complaint sustained. *Reversed.*

Eugene A. Cox and Noe B. Martin, for Appellants.

Benjamin F. Tweedy, for Respondent.

See authorities cited by same counsel in *Brinton v. Johnson, ante,* p. 656.

RICE, C. J.—This action was commenced by appellants to recover from respondent money paid for taxes upon certain real estate in the city of Lewiston. Respondent was the owner of the land on the second Monday of January, 1919, and thereafter until August 28, 1919, when he conveyed the premises by warranty deed to Auguste Johnson and J. A. Johnson, her husband. The words of conveyance in the deed included the word "grant." On August 29, 1919, Auguste Johnson and J. A. Johnson conveyed the premises by warranty deed to appellants. Appellants demanded of respondent that he pay the taxes for the year 1919, which he declined to do. They thereupon paid the taxes and brought this action for the recovery of the amount paid. A demurrer to the complaint was sustained, and the action dismissed.

In the case of *Brinton v. Johnson et al., ante,* p. 656, 208 Pac. 1028, it was held that the word "grant" in a deed of conveyance implies a covenant against an encumbrance of a tax lien "done, made or suffered" by the grantor which runs with the land. The taxes assessed and levied for the year 1919 became a lien as of the second Monday of January, while respondent was the owner of the premises. It was error to overrule the demurrer.

The judgment is reversed, with costs to appellants.

Budge, McCarthy, Dunn and Lee, JJ., concur.