(February 26, 1923.)

W. P. BALES and J. F. BALES, Copartners, Doing Business Under the Firm Name of BALES BROTHERS, Appellants, v. FRANK WEAVER and J. W. CROUSE, Respondents.

[213 Pac. 342.]

CONTRACT TO CONSTRUCT BUILDING — CONFLICTING EVIDENCE — SUFFICIENT TO SUPPORT VERDICT—TRIAL BY COURT—EFFECT OF ADMISSION OF INCOMPETENT TESTIMONY.

1. In an action to recover on a building contract, findings of fact by the court and judgment thereon based on evidence substantially conflicting will not be disturbed on appeal.

2. In a case tried by the court without a jury, error in the admission of evidence will not be a ground for reversal if there is sufficient legal evidence to support the judgment or findings, since it will be presumed, if nothing appears to the contrary, that the judge disregarded such evidence and tried the case only on proper testimony.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. B. S. Varian, Judge.

Action to recover on a contract for the construction of a building. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

Buckner & Warren and Walter Griffiths, for Appellants.

"Where the necessity for extra work results from the acts, errors, and mistakes of the architect or engineer of the owner, under whose supervision the work is to be done, the loss should fall on the owner, and the builder may recover additional compensation." (9 C. J. 841, sec. 181 (3); *Wyandotte & D. R. Ry. v. King Bridge Co.,* 100 Fed, 197, 40 C. C. A. 325; *Beattie Mfg. Co. v. Heinz,* 120 Mo. App. 465, 97 S. W. 188; *Erskine v. Johnson,* 23 Neb. 261, 36 N. W. 510.)

O. M. Van Duyn and Scatterday & Stone, for Respondents.

Where the owner is compelled through contractor's fault to complete the contract and the completion thereof costs more than the contract price or unpaid balance, the defaulting building contractor must pay the difference to the owner. (*Dunne Investment Co. v. Empire State Surety Co.*, 27 Cal. App. 208, 150 Pac. 405; 9 C. J. 814, 815, 816, sec. 153.)

The actual cost to the owner of the completion of the building is evidence of the reasonable cost of completion. (*Bacigalupi v. Phoenix Building & Const. Co.*, 14 Cal. App. 632, 112 Pac. 892.)

An owner completing a contract may recover the actual cost of completing the same where he acts diligently and in good faith, even though such cost exceeds the reasonable value of completion. (*Bayfield County v. Ogren*, 172 Wis. 169, 177 N. W. 591.)

WILLIAM A. LEE, J.—This action was commenced by W. P. Bales and J. F. Bales, copartners doing business under the firm name of Bales Brothers, to foreclose a mechanic's lien on the premises described in the complaint, wherein it is alleged that they entered into a contract with the respondent Weaver to construct for him a building on said premises for the sum of $3,500; that they were prevented from completing the same by the acts of said respondent; and that at the time of such interference they had expended toward its construction the sum of $2,304.35, for which they asked judgment, together with $370 attorney's fees and costs of filing the lien. They also set up a claim in *quantum meruit* for the same amount in the second count, but prayed for only one judgment.

Respondent answered and filed a cross-complaint, wherein he affirmatively alleged the contract to be the same as appellants had pleaded it, and also that the United States Fidelity & Guaranty Company had entered into a surety bond on appellants' account in the sum of $3,500, the con-

tract price for the construction of the building, conditioned upon the faithful performance of the contract. It is further alleged that appellants refused and failed to perform the work in accordance with the plans and specifications which had been made a part of the construction contract, that after giving the prescribed notice and in accordance with the terms of the agreement, respondent took possession of the premises and completed the structure in accordance with the terms of the contract, and that in doing so he was required to expend the additional sum of $5,225.94, or $1,725.94 in excess of the contract price for which appellants had agreed to construct the building. He demanded judgment in this amount from appellants and their surety, the United States Fidelity & Guaranty Company.

To this cross-complaint, appellants and the United States Fidelity & Guaranty Company answered, admitting the execution of the original construction contract and the surety bond, but denied specifically the other allegations of the cross-complaint.

Upon issues thus joined, the cause was tried to the court sitting without a jury. Upon its conclusion, it made findings of fact and conclusions of law and entered judgment against appellants and in favor of respondent upon the causes of action set up in the complaint, and in favor of respondent and against appellants upon the causes of action set up in the cross-complaint in the sum of $726.87, this being the amount found by the court to have been expended by respondent over and above the contract price of $3,500 in completing said building after taking the same over because of the alleged default of appellants, less the sum of $360 which the court found was the reasonable cost of the expenditures made by appellants on account of respondent because of extra labor and material, caused by the architect's defective plans and specifications.

Appellants make fourteen assignments of error, but we do not deem it necessary to consider each of them severally, for the reason that the first ten are based upon the contention that the evidence does not support the findings of the

court below, and assignments 11, 12 and 13 are predicated upon errors in the admission or rejection of testimony during the trial of the cause.

With regard to the first ten assignments: They specify a number of particulars in which it is claimed the evidence is insufficient to support the findings of the court, but none of them charge or claim that the findings complained of are without any support in the evidence. Upon an examination of the record with reference to each of these specifications of insufficiency, we find that there is a substantial conflict, and that each of the findings is supported by competent evidence. It has been so frequently held by this court that findings of fact by the court and judgment thereon, based on evidence substantially conflicting, will not be disturbed on appeal, that we deem further comment on this subject not necessary. (See list of cases in Flynn's Idaho Digest, page 54.) The conflict arises principally with reference to whether the expenditure of respondent in completing this structure after the alleged default of the contractors was not in excess of the reasonable value of the material furnished and labor performed.

Article 37 of the specifications, incorporated into and made a part of the contract, provides that:

"If the contractor . . . . shall persistently or repeatedly fail to supply enough properly skilled workmen or proper materials . . . . or persistently disregards . . . . the instructions of the architect, or otherwise be guilty of a substantial violation of the provisions of the contract, then the owner . . . . upon the certificate of the architect that sufficient cause exists to justify such action, may . . . . after giving the contractor seven days written notice, terminate the employment of the contractor and take possession of the premises and all the materials and appliances thereon, and finish the work by whatever method he may deem expedient."

It appears from the record that after appellants had expended $2,304.35 upon this structure, respondent was required to expend, in order to complete it according to the

terms of the agreement, the additional sum of $5,225.94, although the original contract price for the construction of this building was only $3,500. This wide discrepancy between the amount which the contractors were to receive for the construction of this building and what it actually cost to complete the same is sufficiently great to warrant either one of two conclusions, possibly both: First, that the contract for the construction of this building on the part of the contractors was an improvident one, or second, that the amount required to complete it after it was taken over was more than it should have been. A careful examination of the evidence fails to disclose wherein the owner, after taking over this building, paid any excessive prices either for labor or material, or that he did not proceed in entire good faith to complete the building at a reasonable cost under the terms of the forfeiture clause. No suggestion is made by the pleadings that the agreement was an unconscionable one, or that any fraud was exercised in inducing the appellants to enter into the same. On the contrary, it appears that the owner was engaged in a different line of work, and that appellants operated a lumber yard and were general building contractors.

Paragraph 37 of the agreement of the parties in the specifications, which was a part of the contract between them, also provides that:

"If the unpaid balance on the contract price shall exceed the expense of finishing the work, including the compensation of the architect for his additional services, such excess shall be paid to the contractor. If such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner."

With regard to assignments 11, 12 and 13, wherein error is assigned upon certain rulings of the court in the admission or exclusion of testimony: We have considered the evidence the admission of which is assigned as error, and conclude that when considered in connection with the other testimony relating to the same matter, it could not have affected the findings of the court, and that there was sufficient competent evidence

to support the findings. In a suit in equity, or any case tried by the court without a jury, error in the admission of evidence is not ground for reversal if there is sufficient legal evidence to support the judgment or findings of the court, since it will be presumed, if nothing appears to the contrary, that the judge disregarded such evidence and tried the cause on proper testimony only. It is only when the competent evidence fails to support the findings of fact made by the trial court, or where it appears that the court was influenced by the improper evidence, or that appellant was harmed by the error, that the judgment will be reversed. (38 Cyc. 1939, and cases cited in note 11.)

While it is true that testimony as to how much was paid for labor or material in the construction of a building, if standing alone, is not competent to establish the value of such material or labor, and the same would be true with respect to all of this class of evidence, yet in addition to showing what the respondent actually paid for material and labor, there is testimony tending to show that he used ordinary care and diligence in procuring the labor and purchasing the material necessary to complete this building, and that the prices paid for the same were the reasonable value of such labor and material. In this state of the record, the fact that he was permitted to show what it actually cost him could not be prejudicial error, for while under the terms of the contract he could not charge against the defaulting contractor any excessive costs, neither could he recover from such contractor more than it cost him, although he might have obtained the same for less than the market value.

We find no reversible error in the record, and the judgment of the court below is affirmed, with costs to respondent.

Dunn and William E. Lee, JJ., concur.