(October 27, 1925.)

CALEB BRINTON, Appellant, v. AUGUSTE JOHNSON, J. A. JOHNSON, Her Husband, O. C. CARSSOW, A. E. CARSSOW, MARY E. CARSSOW, His Wife, and PAUL W. JOHNSON and LAURA B. JOHNSON, His Wife, Respondents.

[240 Pac. 859.]

APPEAL AND ERROR—SECOND APPEAL—LAW OF THE CASE—TRIAL BY COURT — EVIDENCE — EFFECT OF ADMISSION OF INCOMPETENT TESTIMONY — DEEDS — REFORMATION OF — MISTAKE OF LAW NOT GROUNDS FOR REFORMATION — CONTRACTS — PREMATURE FORE-CLOSURE—TENDER—EFFECT OF WAIVER OF TENDER—RECOVERY.

1. A decision by the appellate court upon a point distinctly made and essential to its determination upon a previous appeal is in all subsequent proceedings in the same case a final adjudication.

2. Where a cause is tried by the court without the intervention of a jury and incompetent evidence is conditionally received, this court will presume that the trial court did not consider such evidence in making up its findings unless the contrary is made to appear.

3. Where the parties to a deed and mortgage used the precise language they intended to use and this language is held to create a liability against one of them, a court of equity will not reform the same by permitting a new agreement to be substituted instead of the one made, because of a mistake of law with regard to the true meaning of the contract made.

4. Where a contract is entered into in the form intended and is not ambiguous or uncertain in its terms, neither party will be permitted to have the same changed because such party did not understand it to mean, when made, what it in fact does mean.

5. Where a mortgagee attempts to accelerate the due date of a note and mortgage and immediately commences an action of foreclosure of the same and it appears that the debtor has prior to its maturity offered to pay all that was due thereon at maturity, and before judgment tenders to the mortgagee such amount, and upon his refusal to receive the same pays the money into court, recovery will be limited to the principal sum due and will not be allowed for interest, costs or attorney's fees claimed to have accrued after such offer was made and rejected.

6. Where a purchase-money mortgage provides for semiannual payment of interest, and that the mortgagee at his option may consider the entire amount due upon a failure to pay any instalment of interest, the grantor and mortgagee having covenanted that the premises are free from encumbrances, he must, where a tax lien on the premises exceeds the amount of the instalment of interest due, which lien is paid by the mortgagor, credit the amount of the encumbrance upon the purchase price, and will not be permitted to take advantage of his own failure to remove the encumbrances so as to accelerate the maturity of the mortgage and add the additional burden of costs and attorney's fees upon the mortgagor.

7. Where a debtor offers to pay the amount of principal and interest that will be due at the maturity of a mortgage

Publisher's Note.

3. See 23 R. C. L. 322.

5. See 19 R. C. L. 497; 26 R. C. L. 653.

7. See 26 R. C. L. 634.

and the mortgagee, who had prematurely commenced an action for its foreclosure, refuses to accept the offer and waives an actual tender, such waiver obviates the necessity of a tender at maturity.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Action to reform deed and foreclose mortgage. Judgment for defendants. *Affirmed.*

Benjamin F. Tweedy, for Appellant.

Our statute does not require deposit in court or plea in bar, but absolutely forbids any plea in bar on a deposit with the clerk on order of court and forbids introducing the tender, whatever may be its language or form, in evidence. A tender under this character of statute is only an offer to compromise the litigation. (C. S., sec. 7192; *Young v. Stickney,* 46 Or. 101, 79 Pac. 345.)

The attorney for appellant waived an insufficient tender, and left rights of parties to be settled by the pending litigation, as provided in C. S., sec. 7192. A conditional tender is never good, either before or after suit. (*Elderkin v. Fellows,* 60 Wis. 339, 19 N. W. 101; *McCoy v. Buckley,* 11 Cal. App. 241, 104 Pac. 705; *McDaniel v. Upton,* 45 Ill. App. 151; *Barnes v. Greene,* 30 Iowa, 114; *Emerson v. White,* 76 Mass. (10 Gray) 351; *Burt v. Dodge,* 13 Ohio, 131; *McDowell v. Glass,* 4 Watts (Pa.), 389; *Smith v. Anders,* 21 Ala. 782; *Hinchy v. Foster,* 3 McCord (S. C.), 428; *O'Meara v. Cardiff Coal Co.,* 154 Ill. App. 321; *Kelsay v. Taylor,* 56 Or. 13, 107 Pac. 609; *Lasoya Oil Co. v. Zulkey,* 40 Okl. 690, 140 Pac. 160; *Smith v. School District,* 89 Kan. 225, Ann. Cas. 1914D, 139, 131 Pac. 557; *Union Esperanza Min. Co. v. Shandon Min. Co.,* 18 N. M. 153, 135 Pac. 78; *Purdin v. Hancock,* 67 Or. 164, 135 Pac. 515; *Wilson v. Doran,* 110 N. Y. 101, 17 N. E. 688; *Snyder v. Quarton,* 47 Mich. 211, 10 N. W. 204; *Thompkins v. Batie,* 11 Neb. 147, 38 Am. Rep. 361, 7 N. W. 747; *Bagnell Timber*

*Co. v. Brooks,* 72 Ark. 210, 79 S. W. 764; *Rogers Grain Co. v. Jansen,* 117 Ill. App. 137; *Samuels v. Simmons,* 22 Ky. Law, 1586, 60 S. W. 937; *Rouyer v. Miller,* 16 Ind. App. 519, 44 N. E. 51, 45 N. E. 674.)

"If a tender is made after suit has been commenced the debtor must include interest and costs in the amount tendered, and also a reasonable attorney's fee if such is allowed by law, or is provided for in the contract." (12 Ency. of Evidence, 490.)

An answer of a defendant that attempts to put a sufficient tender in writing, wherein the "precise" amount of the tender "in dollars and cents" is not stated, fails to plead a sufficient tender. (*Harrison v. Beale,* 111 Or. 563, 222 Pac. 728; *Proebstel v. Trout,* 60 Or. 145, 118 Pac. 551.)

Since Dr. Carssow had the use of his money, it was serious error for the court to refuse recovery of interest from maturity of the mortgage; nor can Dr. Carssow discharge the lien of the mortgage otherwise than by actual payment, since he is only a purchaser of the equity of redemption. (*Nelson v. Loder,* 132 N. Y. 288, 30 N. E. 369; *Brunswick Realty Co. v. University Inv. Co.,* 43 Utah, 75, 134 Pac. 608; *Tuthill v. Morris,* 81 N. Y. 94; *Thayer v. Meeker,* 86 Ill. 470; *Aulger v. Clay,* 109 Ill. 487.)

He not only had the use and benefit of all his money but he had the use and possession of the real estate that is the consideration of the mortgage, and, for that reason, must pay the interest on the mortgage from its maturity to date of judgment. (*Rankin v. Rankin,* 216 Ill. 132, 74 N. E. 763.)

The deposit and the informal plea in bar cannot cut off the right to recover the interest and attorney fees on the terms and conditions of the mortgage; the statutes give the appellant all costs when he recovers an affirmative judgment against the defendants, or respondents, and also attorney fees on the contract. (*Rinker v. Lauer,* 13 Ida. 163, 88 Pac. 1057; C. S., secs. 7207, 7209; 11 Cyc. 28; *Brunzell v. Stevenson,* 30 Ida. 202, 164 Pac. 89; *Printz v. Brown,* 31 Ida. 443, 174 Pac. 1012; *Rhodenbaugh v. Stingel,* 31 Ida.

594, 174 Pac. 604; *McArthur v. John McArthur Co.*, 39 Cal. App. 704, 179 Pac. 700; *Nowogroski v. Southworth*, 100 Wash. 336, 170 Pac. 1011; *Northern California Power Co. v. Waller*, 174 Cal. 377, 163 Pac. 214; *Empire State Surety Co. v. Moran Bros. Co.*, 71 Wash. 171, 127 Pac. 1104; *Nation v. Littler*, 59 Kan. 773, 52 Pac. 96; *Rand v. Wiley*, 70 Iowa, 110, 29 N. W. 814; *Phipps v. Taylor*, 15 Or. 484, 16 Pac. 171.)

The mortgage, before final judgment, became due without acceleration, and therefore the appellant now has absolute right to a judgment against the respondents for the principal of the mortgage, all interest up to date, and attorney fees. (*Chinn v. Penn*, 179 Cal. 153, 175 Pac. 687; C. S., sec. 6951.)

Pleas in abatement (and plea of premature suit is in abatement) are waived by pleas in bar or to the merits. (31 Cyc. 150, 156, 170, 185; *Duncan Lumber Co. v. Willapa Lumber Co.*, 93 Or. 386, 182 Pac. 172, 183 Pac. 476; *Devlin v. Moore*, 64 Or. 433, 130 Pac. 35; *La Grande v. Portland etc. Co.*, 58 Or. 126, 113 Pac. 25; *Hooker v. Green*, 50 Wis. 271, 6 N. W. 816; *Wells v. Patton*, 50 Kan. 732, 33 Pac. 15.)

Cox & Martin, for Respondents.

Appellant cannot while in default on his own covenant accelerate the maturity of the purchase-price mortgage indebtedness and penalize the respondents in attorney's fees and costs. (*Brinton v. Johnson*, 35 Ida. 656, 208 Pac. 1028; *Warren v. Stoddart*, 6 Ida. 692, 59 Pac. 540; C. S., secs. 5384, 5385; *Polak v. Mattson*, 22 Ida. 727, 128 Pac. 89; *Bullitt v. Coryell*, 38 Tex. Civ. App. 42, 85 S. W. 482; *Schuchmann v. Knoebel*, 27 Ill. 175; *Stiger v. Bacon*, 29 N. J. Eq. 442; *Stephens v. Weldon*, 151 Pa. 520, 25 Atl. 28; *Broderick v. Smith*, 26 Barb. (N. Y.) 539, 157 How. Pr. 434; *Ingram v. Golden Tunnel Min. Co.*, 25 Wash. 318, 65 Pac. 549; *Fairchild-Gilmore-Wilton Co. v. Southern Refining Co.*, 158 Cal. 264, 110 Pac. 951.)

Equity will not permit an acceleration of the maturity of a purchase-price mortgage where there exists a good faith controversy over the removal of an encumbrance which attached while the vendor was the owner of the land. (*Schurger v. Moorman,* 20 Ida. 97, Ann. Cas. 1912D, 1114, 117 Pac. 122, 36 L. R. A., N. S., 313; *Brinton v. Johnson, supra; Carssow v. Brinton,* 35 Ida. 667, 208 Pac. 1031; *Warren v. Stoddart, supra.*)

Prior to the maturity of the purchase-price mortgage an offer was made in writing to pay appellant all that was legally due him. This was not accepted, but was refused and tender was waived. This is equivalent to the actual production and tender of the money. (C. S., sec. 8049; *Machold v. Farnan,* 20 Ida. 80, 117 Pac. 408; *McCalley v. Otey,* 99 Ala. 584, 42 Am. St. 87, 12 So. 406; *Boise Lumber Co. v. Independent School Dist.,* 36 Ida. 778, 214 Pac. 143.)

Tender of the indebtedness having been made prior to the maturity of the purchase-price mortgage, the same having been refused and tender waived, and the tender having been kept good, and thereafter having been deposited in court, appellant cannot recover costs, but must pay costs to respondents. (C. S., sec. 7215; *Boise Lumber Co. v. Independent School Dist.,* 36 Ida. 778, 214 Pac. 143.)

Tender of the amount due appellant on his purchase-price mortgage prior to the maturity thereof stops the accumulation of interest. (*Machold v. Farnan, supra; Pittsburg Plate Glass Co. v. Leary,* 25 S. D. 256, Ann. Cas. 1912B, 928, 126 N. W. 271, 31 L. R. A., N. S., 746; *Boise Lumber Co. v. Independent School Dist., supra; Pahl v. Komorowski,* 168 Wis. 553, 170 N. W. 950; *Washington Exch. Bank v. Smith,* 23 Ga. App. 356, 98 S. E. 418; *Jones v. Kelley,* 203 Ala. 170, 82 So. 420; *Bothmann v. Metropolitan Life Ins. Co.* (Mo. App.), 231 S. W. 1007; *Napier v. Trace Fork Min. Co.,* 193 Ky. 291, 235 S. W. 766; *Martin v. Harper,* 193 Iowa, 259, 186 N. W. 897; *Forwood v. Magness,* 143 Md. 1, 121 Atl. 855; *Western Lithograph Co. v. Vanomar Producers,* 62 Cal. App. 644,

217 Pac. 534; *Murray v. O'Brien,* 56 Wash. 361, 105 Pac. 840, 28 L. R. A., N. S., 998; *Neff v. Heimer* (Tex. Civ. App.), 163 S. W. 140; *Security State Bank v. Waterloo Lodge, No. 102, A. F. & M.,* 85 Neb. 255, 122 N. W. 992.)

Instruments will not be reformed by a court of equity unless there is a mutual mistake. This means a mistake shared by both parties, and it must be a mistake of fact and not a mistake of law. (*Green v. Stone,* 54 N. J. Eq. 387; *Capelli v. Dondero,* 123 Cal. 324, 55 Pac. 1057; *Wilson v. Wilson,* 23 Nev. 267, 45 Pac. 1009; Pomeroy's Eq. Juris., 4th ed., secs. 843, 854; *Holloway v. Ward,* 84 Okl. 247, 203 Pac. 217; *Loftus v. Fisher,* 106 Cal. 616, 39 Pac. 1064; *Gaffney Merc. Co. v. Hopkins,* 21 Mont. 13, 52 Pac. 561; *Richmond v. Ogden St. Ry. Co.,* 44 Or. 48, 74 Pac. 333; *State v. Lorenz,* 22 Wash. 289, 60 Pac. 644; *Andrus v. Blazzard,* 23 Utah, 233, 63 Pac. 888, 54 L. R. A. 354; *Fawkner v. Lew Smith Wall Paper Co.,* 88 Iowa, 169, 45 Am. St. 230, 55 N. W. 200; *Kelly v. Turner,* 74 Ala. 513; *Allen v. Kitchen,* 16 Ida. 133, 18 Ann. Cas. 914, 100 Pac. 1052, L. R. A. 1917A, 563.)

Taxes for the year 1919 attached and became a lien on the second Monday of January, 1919. (C. S., sec. 3097.)

It became the personal obligation of appellant, as it was a lien not only upon this particular property, but on all his other property. (*Rice v. Rock,* 26 Ida. 552, 144 Pac. 786.)

The appellant having by his deed covenanted to pay the 1919 taxes, oral testimony seeking to vary or contradict this covenant is not competent. (C. S., sec. 7970; *Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; *First National Bank v. Bews,* 5 Ida. 678, 51 Pac. 777; *Jarrett v. Prosser,* 23 Ida. 382, 130 Pac. 376; *Green v. Consolidated W. & M. Co.,* 30 Ida. 359, 164 Pac. 1016.)

If the covenant implied by the use of the word "grant" is not to be effective, it must be explicitly restrained by express words in the conveyance. (C. S., sec. 5384; *Brin-*

*ton v. Johnson, supra; Carssow v. Brinton, supra; Allen v. Kitchen, supra.*)

WILLIAM A. LEE, C. J.—This is an action to foreclose a purchase-price mortgage on real property commenced February 28, 1920. This mortgage provided for the payment of interest semi-annually, and in case of default, the holder might elect to declare the entire indebtedness due. August 28, 1919, appellant, by warranty deed, "granted" to respondents, Auguste Johnson and J. A. Johnson, wife and husband, certain lots in the city of Lewiston. The entire purchase price was $24,781.25. The purchasers made a cash payment and executed this mortgage to appellant in the sum of $12,380 for the balance of the purchase price. The mortgage by its terms was due on or before one year from date, interest payable semi-annually. It provided that if the interest was not paid when due, the whole sum of both principal and interest should become immediately due and collectable at the option of the holder of the note.

Two days after the purchase, the Johnsons conveyed the property by warranty deed to respondents O. C. Carssow, A. E. Carssow and Paul W. Johnson.

Appellant was the owner of the land on the second Monday of January, 1919, and thereafter until he conveyed it in August following. Taxes were assessed against the property for that year in the sum of $513.62 and the lien attached as of the second Monday of January. Respondents demanded of appellant that he pay these taxes before delinquency but he refused to do so and the taxes were paid by respondents O. C. Carssow, A. E. Carssow and Paul W. Johnson, to remove the tax lien and avoid the penalty. The first semi-annual instalment of interest became due, by the terms of the note and mortgage, February 27, 1920, in the sum of $495.25, or less than the amount of taxes paid by respondents. This interest not being paid by respondents, appellant Brinton elected to declare the entire sum due, claiming the right

to do so under the terms of his note and mortgage, and on the same day, February 28, 1920, commenced this action of foreclosure. Respondents answered setting up the foregoing facts and declared that by reason of the failure of appellant to remove the tax lien, they had the right to remove it themselves and deduct the amount from the purchase-price mortgage, that since this amount exceeded the first semi-annual instalment of interest, there was no default on their part and the action to foreclose had been prematurely brought. The trial court sustained appellant's demurrer to this answer and entered judgment of foreclosure of the mortgage and included interest, costs and a $1,000 attorney's fee. From that judgment an appeal was taken to this court, which reversed the judgment. (See *Brinton v. Johnson*, 35 Ida. 656, 208 Pac. 1028; and see, also, *Carssow v. Brinton*, 35 Ida. 667, 208 Pac. 1031.)

Upon the cause being remanded, appellant amended his complaint and alleged as additional matter that the Johnsons, at the time of the purchase of this real estate and as a part of the consideration, orally agreed to pay the taxes thereon for the year of 1919; that said original purchasers had failed to do so, and their grantees, O. C. Carssow, A. E. Carssow and Paul W. Johnson, had brought a separate action against him to recover a personal judgment for the amount of these taxes; that the true consideration for the purchase of this property and the giving of a mortgage to secure the balance of the purchase price made it incumbent upon the original purchasers or their assigns to pay these taxes. Appellant also pleaded by way of estoppel that because of the bringing of the personal action against him to recover a money judgment for these taxes respondents are estopped to claim a right to set off the amount paid on account of the same against the first instalment that fell due February 27, 1920; also that this interest not having been paid when due gave him a right to accelerate the maturity of the note and mortgage, and prayed for judgment for a foreclosure of

the same, for the principal, interest, costs and $1,700 attorney's fees, aggregating $18,666.93.

Upon the second trial of this cause, the court decreed that appellant should take judgment for only the principal amount and denied recovery for interest, costs and attorney's fees. Immediately prior to this trial respondents tendered the principal of this mortgage indebtedness to appellant and upon his refusal to accept the same they paid it to the clerk of the court. The judgment directed the clerk to pay this sum to appellant upon his demand, that the mortgage against the premises be discharged, and that the action of foreclosure be dismissed, with costs to respondents. From this judgment appellant brings the cause here upon a second appeal and assigns a number of errors, all of which we will consider under the following: (1) Error in admitting Exhibit No. 2. This is a letter from respondent's counsel to appellant's counsel written two days prior to the maturity date fixed in the mortgage. Also the admission of proof with regard to the payment of the money into court just prior to the trial; (2) in holding that the foreclosure action was prematurely commenced; (3) that the findings of fact and conclusions of law are not sufficient to sustain the judgment and are not supported by any evidence; (4) that certain specified findings are against the evidence.

It is evident that appellant pleaded this new matter in his amended complaint in order to avoid the effect of the judgment of this court in the former appeal wherein it held that the granting clause in the deed of conveyance was a covenant against the lien of these taxes in favor of the grantees or their assigns and relieved them from being in default by reason of their not having made the first interest payment, because of appellant's failure upon demand to remove this tax lien.

A decision by the appellate court upon a point distinctly made and essential to its determination upon a previous appeal is in all subsequent proceedings in the same case a final adjudication. (*Hall v. Blackman,* 9 Ida.

555, 75 Pac. 608; *Ryan v. Rogers*, 14 Ida. 309, 94 Pac. 427; *Gerber v. Nampa & Meridian Irr. Dist.*, 19 Ida. 765, 116 Pac. 104.)

Applying this doctrine to the case at bar upon the present appeal, the parties are concluded by the holdings in the two former cases referred to as to the meaning of the word ''grant'' in appellant's deed of conveyance to respondents. It was also held in the Brinton-Johnson appeal, that where a purchase-money mortgage provides for the semi-annual payment of interest, and for the acceleration of such mortgage at the option of the vendor upon the failure of the vendee to pay such instalment of interest, such right of acceleration cannot be exercised and the additional burden of costs and attorney's fees added where a tax lien on the premises, exceeding the amount of the instalment of interest due, is paid by the vendee or his assigns, after the refusal of the vendor to discharge the same. These questions were thoroughly considered upon the former appeals. We are satisfied with the law as there stated. It only remains to be determined whether appellant has by the new matter pleaded, established upon the second trial, a new and different cause of action to which this rule of law would not apply and has thereby defeated this defense against the acceleration of this mortgage indebtedness.

The lower court sustained a general demurrer to this affirmative defense in the first trial on the ground that the covenant against the encumbrances would not run with the land and entered a decree foreclosing appellant's mortgage and allowed $1,000 attorney's fees and costs. In the action to recover a personal judgment for the money paid out by respondents O. C. Carssow, A. E. Carssow and Paul W. Johnson, to remove the tax lien for the assessment of 1919, the lower court sustained a demurrer to the complaint on the ground that the covenant against encumbrances contained in appellant's deed was a personal covenant and could not therefore inure to the benefit of such of the respondents as are remote grantees.

41 Idaho—38

This court held adversely to the trial court on all questions presented by the appeals in those two cases, they having been consolidated by stipulation of the parties. (See *Brinton v. Johnson, supra,* and *Carssow v. Brinton, supra.*)

Upon the cause being remanded, respondents here, who were appellants in these former appeals, dismissed, without prejudice, the tax case, which left all issues to be litigated in this foreclosure action, and appellant's amended complaint alleges that the covenant against taxes contained in the deed was a mutual mistake and asked that the deed and mortgage be reformed and the mortgage foreclosed. He also alleges that respondents are estopped from having any part of the 1919 taxes applied on the semiannual interest payment which fell due February 27, 1920, because of the suit of *Carssow v. Brinton, supra,* to recover a personal judgment for the money paid to redeem from this tax sale. On the second trial of this cause and upon this amended complaint, appellant introduced parol evidence to support his allegation that in the sale agreement the respondents, Auguste Johnson and J. A. Johnson, did agree to pay the 1919 taxes in consideration of appellant conveying to them an easement over an adjoining lot. This evidence was admitted by the trial court *pro forma* over the objection of respondents, and the court found against appellant and in favor of respondents upon this issue. We think appellant is concluded by the finding of the court on that question.

Appellant contends that neither the offer to pay the principal sum due on the mortgage, made by respondents two days prior to the maturity date of the note and mortgage, nor the subsequent tender and payment of this sum into court before the trial of the cause, were made in good faith and that neither of said acts constituted a valid legal tender. The trial court finds against appellant upon this issue, and also that a valid tender was made prior to there being any default in the payment of any interest or principal, and limits plaintiff's recovery

on this mortgage indebtedness to the principal sum due and excludes all interest, costs and attorney's fees.

In view of this court having found on the former appeal that there could be no default in the payment of the first interest instalment due February 27, 1920, for the reasons stated in that opinion, it necessarily follows that no right to accelerate the maturity of this indebtedness could arise at such time, and the action having been commenced six months prior to the maturity date of the obligation, it was prematurely commenced, unless, upon the cause being remanded, appellant alleged and proved additional facts that gave him the right to accelerate this indebtedness notwithstanding his refusal to remove this tax lien. This he has not done. The court below has found against him upon all of the new matter upon which he relies to take the case out of the rule announced in the former appeal.

While there is some conflict of testimony with regard to some of the issues presented by the new matter in this amended complaint, and testimony was offered in support of such issues and some of it was for the time being received *pro forma,* it was incompetent, and this court will assume that the same was not considered by the trial court in making up its findings.

Where a cause was tried by the court without the intervention of a jury and incompetent evidence was conditionally received, this court will presume that the trial court did not consider such evidence in making up its findings unless the contrary is made to appear. (*Bales v. Weaver,* 36 Ida. 704, 213 Pac. 342; *Morton R. Co. v. Big Bend I. & M. Co.,* 37 Ida. 311, 218 Pac. 433; 38 Cyc. 1939.)

There is competent evidence to support the findings of the court upon all of these contested issues. Finding number 4 is as follows:

"The whole consideration to be paid plaintiff for the real property described and the whole thereof, was twenty-four thousand seven hundred eighty-one and 25/100 dollars ($24,781.25) and that there was no other considera-

tion of any kind or character; that the defendants, Auguste Johnson and J. A. Johnson, did not, nor did either of them, agree to pay the taxes levied and assessed against said property, for the year 1919 in consideration of the easement over and on lot four (4), block one (1) of subdivision of lot thirteen (13), of block thirty (30) of the original plat of the City of Lewiston, according to the recorded plat thereof, or for any other consideration.''

In his amended complaint appellant alleges:

''And if the fact be that the said mortgage and the said deed, on their face, bind the plaintiff in any way, whatever, to a covenant against the said 1919 taxes, the said scrivener and the said plaintiff and the said defendants made and committed a mutual mistake, and by such mutual mistake, on their part, have made the said deed and mortgage express an obligation against plaintiff that was never intended.''

In the absence of fraud or misrepresentation on the part of respondents in drawing the deed and mortgage pertaining to the original sale agreement, which could not well arise in this case because these contracts were drawn by appellant's attorney, the foregoing allegations, if proved, would not be ground for the reformation of these instruments. It was not a case of mutual mistake with regard to any question of fact. The contract was entered into in the form intended and was not ambiguous or uncertain as to its meaning. Because appellant by a mistake of law did not understand it to mean what it in fact does mean is not ground for its reformation. For the court to make this change in the agreement asked for by appellant in his complaint would not be reforming the agreement, but would be substituting a new and different one made by the court, in the place of the contract they had made for themselves. (2 Pomeroy's Equity Jurisprudence, 4th ed., sec. 843; *Allen v. Kitchen,* 16 Ida. 133, 18 Ann. Cas. 914, 100 Pac. 1052, L. R. A. 1917A, 563; *Andrus v. Blazzard,* 23 Utah, 233, 63 Pac. 888, 54 L. R. A. 354.)

We do not deem it necessary to further consider the question of the sufficiency of the tender. Appellant commenced this action before the obligation upon which it is founded had matured, and has ever since refused to abate the action. He was advised by the judgment of this court in the former appeal that he was in error as to his not being liable for the payment of the taxes for 1919 under the terms of his grant. Prior to the maturity of the mortgage indebtedness, respondents, by a written communication from their counsel to appellant's counsel, informed appellant they were willing to pay the principal and interest which would be due at its maturity. In connection with this offer they did say that if appellant was not willing to accept the amount of principal and interest, if the same were tendered in satisfaction of the indebtedness, then to waive an actual production of the money, and that if appellant would do so, it would be with the distinct understanding that the waiver of tender should have the same effect as if the tender of the principal and interest due by the terms of the mortgage and note had been made and rejected at the maturity of the note. Upon receipt of this offer, appellant, by his counsel, replied: "On the terms outlined in the above letter, tender is waived."

Appellant elected to attempt to accelerate the payment of this obligation February 28, 1920, the date the first semi-annual instalment of interest fell due. He immediately began this action to foreclose his mortgage and this action was pending at the time of this waiver of tender. He prosecuted the action to judgment in the trial court on the theory and contention that he was not bound by the covenant in his deed to pay these taxes for 1919. This was decided against him in the former appeal. After the case was remanded, the trial court held, and in harmony with the law of the case as it had been declared by this court, that the payment of these taxes by respondents was a proper set-off against the first interest instalment, that there was no default in the payment of

this first interest instalment, and that appellant was not entitled to accelerate this mortgage indebtedness, but had commenced this action prematurely.

A party to an action should not be permitted to speculate with regard to his rights, and, after he has been adjudged wrong as to his contention following a long and expensive litigation, then be heard to complain that he has been deprived of the interest his mortgage indebtedness would have earned during the time he kept the matter in court by refusing to accept payment of the amount he was entitled to receive. Having commenced this action prematurely he should be limited to a recovery of the amount of the principal indebtedness owing at the maturity of the note and mortgage, which amount respondents offered to pay but which appellant not only made it clear he would not accept but expressly waived a formal tender of the amount then actually due. This waiver obviated the necessity of an actual tender.

The judgment of the court below is affirmed. Costs to respondents.

Wm. E. Lee, Budge, Givens and Taylor, JJ., concur.