215 P.2d 991

**SHRUM v. WAKIMOTO.**

No. 7559.

Supreme Court of Idaho.

March 7, 1950.

Rehearing Denied April 3, 1950.

Frank E. Meek, Caldwell, Frank F. Kibler, Nampa, for appellant.

J. W. Galloway, Boise, for respondent.

HOLDEN, Chief Justice.

May 3, 1948, at about 5:30 p. m., plaintiff and respondent John Shrum was approaching King Hill (a non-incorporated village) on U. S. Highway No. 30, driving a 1941 one-half ton Chevrolet pickup. At the same time defendant and appellant Henry Wakimoto was following respondent on the same highway, driving a 1947 Buick sedan. Appellant Wakimoto attempted to pass respondent Shrum at the time an automobile was approaching from the opposite direction. To avoid a collision with that car, Wakimoto turned his car to the right and behind the Shrum car, striking the Shrum car in the rear rolling it over. As a result respondent sustained certain personal injuries and his car was damaged.

Respondent Shrum commenced this action August 26, 1948, alleging four causes of action. By his first cause of action respondent sought to recover $50,000 damages for personal injuries and $200 for hospitalization, drugs and treatment. By his second cause of action respondent sought to recover $3,000 for loss of earnings. By his third cause of action respondent sought to recover expenses incurred in repairing his car, and by his fourth cause of action respondent sought to recover damages allegedly sustained by reason of the loss of the use of his car. November 12, 1948, appellant Wakimoto answered. He denied the material allegations of each of the four causes of action set forth in respondent's complaint on which respondent

sought to recover, and in addition pleaded contributory negligence on the part of respondent.

The cause was tried April 7, 1949, by the court sitting without a jury by stipulation of the respective parties. During the trial while respondent was introducing evidence in support of his first cause of action, he sought and obtained leave, over appellant's objection, to amend that cause of action by increasing the amount sought to be recovered for hospitalization, drugs and treatment, from $200 to $500.

June 13, 1949, findings of fact and conclusions of law were made and filed awarding respondent $6,000 on his first cause of action; $3,000 on his second cause of action and $329.95 on his third cause of action, and on the same day judgment was accordingly entered thereon. Thereafter defendant Wakimoto appealed to this court from the judgment as well as from an order denying a new trial.

We will first take up and dispose of the contention the trial court erred in refusing to vacate its order setting this case down for trial. It appears three notices were given that the case was at issue and applications made for an order setting the case for trial. Following the last notice and on March 14, 1949, it was mutually agreed that the case be set down for trial. After the case had been set down for trial, to-wit, March 26, 1949, a motion to vacate the setting was made by appellant upon the following grounds:

(1) That in a certain declaratory judgment action wherein the Peoples Automobile Insurance Exchange was plaintiff and Henry H. Wakimoto and John H. Shrum were defendants, it appeared appellant "carried an automobile liability policy with limits of $10,000.00 personal injuries and $5,000.00 property damages as applicable to this case, but that on account of the dispute of this defendant [appellant Wakimoto] with said insurance carrier, said case above referred to will be appealed to the Supreme Court of the State of Idaho by defendant's insurance carrier."

(2) That it was to the interest of all parties that the trial of this action be held in abeyance until said case was finally determined by this court, and that when so determined there would be available, if the policy was finally declared to be valid, coverage to the extent of $10,000 for bodily injuries and $5,000 property damages ample and sufficient to cover claims of the plaintiff (respondent).

(3) That in the interests of justice, the setting of this cause for trial should be vacated, pending determination of the validity of defendant's insurance coverage in this court, and that neither of the parties could be prejudiced or injured by vacating the setting.

(4) That at the time the case was set for trial a motion for a continuance was pending and had not been called up for hearing as required by the rules and practice of the court.

256

■ There is no merit in the contention the trial court erred in denying appellant's motion to vacate the order setting the case for trial. The Peoples Automobile Insurance Exchange is a stranger to this action. Moreover, it is wholly immaterial so far as any issue in this case is concerned, whether the insurance policy issued by the Exchange to Wakimoto is valid or invalid. This action is prosecuted solely against Wakimoto personally to recover damages alleged to have been sustained by respondent by reason of appellant's alleged negligent operation of his automobile. In other words, this is an action for the recovery of general damages and for loss of earnings, and not a suit to determine the validity of an insurance policy. Moreover, it was mutually agreed, as above pointed out, that the case be set down for trial. It follows the court did not abuse its discretion in denying the motion to vacate the setting of the case for trial.

■■ It is complained the awarding of $6,000 general damages for personal injuries, pain and suffering is excessive and, therefore, should be reduced or a new trial granted. As this court pointed out in Gorton v. Doty, 57 Idaho 592, 811, 69 P.2d 136, 145: "Damages are susceptible to proof only with an approximation of certainty, and it is solely for the jury to estimate them as best they can by reasonable probabilities, based upon their sound judgment as to what would be just and proper under all the circumstances, which may not be disturbed where, as in the case at bar, there is no showing of bias or prejudice." See, also Reinhold v. Spencer, 53 Idaho 688, 700, 26 P.2d 796.

■ And it appears the trial court permitted Officer Kunz, a non-expert and not an eye witness to the accident, to testify, over the objection of appellant, to the speed of appellant's car, based upon the condition of the road and facts obtained from both drivers immediately after the accident. It is insisted the court erred, in that a proper foundation was not laid for opinion evidence; also that where a witness is not present at the time of an accident, he must be an expert, and qualify as such, before he can give opinion evidence; and further that where a witness has had no reasonable opportunity to judge the speed of an automobile, it is error to permit him to testify to speed, quoting: "* * * where a witness has had no reasonable opportunity to judge the speed of an automobile, it is error to permit him to testify thereto". 5 Am.Juris., Automobiles, p. 861, sec. 651; 70 A.L.R. 547. However, it further appears from the same section: "The weight to be given to the testimony of a witness as to the speed of an automobile is a question for the jury, whose exclusive province it is to determine whether or not his means of observation were such as to entitle his testimony to belief."

In the instant case the court knew Officer Kunz was not present at the time of the accident. He also knew what opportunity,

if any, he had to judge the speed of appellant's car and, of course, weighed Kunz's testimony accordingly.

Furthermore, where, as here, there is sufficient evidence, exclusive of the Kunz testimony as to speed, to establish the fact appellant was driving recklessly, the admission of the Kunz testimony, even if incompetent, is not reversible error, as this court held in Dahlberg v. Johnson's Estate, Idaho, 211 P.2d 764.

During the course of the trial Officer Kunz, over the objection of appellant, was permitted to testify he placed appellant Wakimoto under arrest immediately following the collision, took him before a justice of the peace and that the Idaho Motor Club posted a $50 bond on a charge of reckless driving and that the bond was subsequently forfeited. It is contended the trial court erred in overruling appellant's objection and in permitting Officer Kunz to so testify, in that it is argued it was not established independently of Officer Kunz's testimony appellant drove his car recklessly.

There is rather convincing independent evidence appellant was guilty of reckless driving in this: Immediately after the accident he admitted to respondent Shrum he was driving his car too fast to stop. He also admitted to Officer Kunz he was going 50-55 miles an hour and was unable to stop. He also testified he noticed the state highway 30-miles sign just east of King Hill, and after he struck respondent's pickup his automobile traveled about 200 feet. And respondent testified and the court found automobiles were clearly discernible on the highway for a distance of 400 feet on each side of the intersection on the highway with a certain cross street at the center of King Hill. That was within a few feet of where the accident happened. These facts show appellant was driving his car recklessly, without the aid of the testimony of Officer Kunz concerning the forfeiture of the bond, and while such testimony was immaterial, it was not sufficiently prejudicial to constitute reversible error.

It is contended "The court erred in awarding special damages for loss of wages in the amount of $3,000.00; and extended such computation and award beyond the date the complaint was filed; and awarded loss of wages for the future in absence of any claim therefor; and in effect awarded special damages beyond the filing date of the complaint for loss of wages". And in support thereof it is argued that "The simple factor involved as we see it, is that the special damages for loss of wages, relate to matters past, and to the date of the filing of the complaint, and not to the future. In the pleading respondent claimed no future loss, and restricted his pleading to such loss only to the date of filing the complaint, and when the amendment was sought raising the amount, respondent still so elected, even when the matter of future

loss of wages was included in an objection made to his proposed amendment."

Concerning the loss of wages, respondent alleged: "That at the time of said collision the plaintiff was a strong, abled bodied man, 54 years of age and employed as an extra fireman on the railroad at Glenns Ferry, Idaho, and earning in excess of $300.00 per month and has been unable to do any work since said collision and by reason thereof has been damaged in the sum of $3000.00."

On the trial of the cause respondent testified without objection:

"Q. And on the day of the accident had you received word from the railroad company in regard to any other employment. A. Yes.

"Q. What was that. A. I was supposed to have gone on another job the next day.

"Q. What kind of work was that. A. That was on what we call a weed burner, to burn weeds along the right-of-way.

"Q. What would have been your compensation for that kind of work. A. It was on an hourly basis. It would run up to eighteen $20.00 a day on that kind of work.

"Q. Would that have been continuous employment. A. It would have been.

"Q. Have you been able to do any work of any kind since this accident. A. No.

\* \* \* \* \* \*

"Q. Have you been able to do any physical labor of any kind since this accident. A. No, sir.

\* \* \* \* \* \*

"Q. (By Mr. Galloway) Now Mr. Shrum, you said you had a different job offered to you on the date of this accident, approximately what would you have received on that job each month for salary or wages.

"Q. On, that job would have been paid for on an hourly basis. It usually runs around three hundred fifty to $400.00 a month.

"Q. And that work would have been continuous then from the date of this accident until now. A. It would have been continuous up until July of '48, at which time I would have been called back into yard service.

"Q. You would have had steady employment until now if you had been in good health. A. Yes, sir."

[7] There is no merit in the contention the court erred in awarding respondent $3,000 for loss of wages. He was earning "about three hundred to $350.00 a month" at the time of the accident. And it appears from the above quoted testimony respondent was to go on another job the next day, on an hourly basis, that "would run up to eighteen $20.00 a day", firing a weed burner and that "It [the weed burner] usually runs around three hundred fifty to $400.00 a month"; and "that work [weed burner]

would have been continuous then from the date of this accident until now", meaning, of course, the date of the trial. The accident occurred May 3, 1948, and the case was tried April 7, 1949, eleven months later. Taking the minimum wage, to-wit, $300, the loss of wages amounted to $3,300—about $300 more than the trial court awarded respondent.

It appears when respondent filed his complaint he alleged loss of wages to the amount of $1,400 and that during the trial he asked and was granted leave, over appellant's objection, to amend his complaint to read $3,000. Leave to amend is largely within the discretion of the trial court. Sec. 5-905, I.C.; Johnson v. Brown, 65 Idaho 359, 364, 144 P.2d 198, and cases cited. Increasing the amount sought to be recovered for loss of wages from $1,400 to $3,000 did not, in and of itself, deprive appellant of a substantial, or any, right, nor constitute an abuse of discretion.

Appellant contends the court erred in failing to make certain requested findings, for instance, (1) a finding respondent failed to prove the expenditure of $500 for hospitalization, drugs and treatment; (2) a finding on respondent's fourth cause of action for the recovery of $75 for the use of respondent's truck. The record shows the court made no award whatever either for hospitalization, drugs and treatment or for the use of respondent's car. While findings thereon would not have been

improper or inappropriate, the failure to so find did not prejudice or injure appellant. Nor was there any evidence which would require a finding conflicting with the conclusion the court reached. Hence, no substantial error was committed: Vinyard v. North Side Land Co., Ltd., 47 Idaho 272, 274 P. 1069; In re Department of Reclamation of Idaho, 50 Idaho 573, 582, 300 P. 492.

And it is insisted when evidence is admitted, upon a trial to the court, sitting without a jury, that the presumption is such evidence has been duly considered by the court in reaching its decision, citing Herring v. Davis, 47 Idaho 211, 273 P. 757, and Seeley v. Security National Bank, 40 Idaho 574, 235 P. 976. That presumption, however, does not apply to the admission of incompetent testimony where, as here, it does not appear the court considered the incompetent testimony in reaching its decision. Burlington Savings Bank v. Grayson, 43 Idaho 654, 254 P. 215; Goody v. Maryland Casualty Co., 53 Idaho 523, 530, 25 P.2d 1045; Bales v. Weaver, 36 Idaho 704, 213 P. 342.

It follows the order denying motion for a new trial, as well as the judgment, must be, and they are, hereby affirmed, with costs to respondent.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.